LITTLE
ROCK,
Jan'y 1838.

GRAHAM
vs.
THE STATE.

GRAHAM *against* THE STATE.

ERROR *to the City Court of Little Rock.*

On error from a judgment of the City Court of Little Rock, the city must be
made a party, and a summons to hear errors must be served upon the
corporate authorities of said city.

The Attorney for the State is not authorized to enter an appearance for the
city.

But a failure to make the city a party by such summons, is no ground for
dismissal here.

This case was brought up by writ of error from the City Court of
Little Rock, and the City, by Solicitor, interposed a *motion to dismiss*
the suit, because the city was not made a defendant in error; and
the writ of error had not been served upon the corporate authorities
of the city, as required by law.

WATKINS and CLENDENIN, in support of the motion.

HALL and TAYLOR, *contra.*

RINGO, *Ch. Justice,* delivered the opinion of the court: A motion
was filed on behalf of the Mayor and Aldermen of the city of Little
Rock, to dismiss this cause, on two grounds: first, that the Corporation
of the City of Little Rock is, in truth, and ought of right to be, the
defendant in error, and heard by counsel, instead of the State of
Arkansas, as the case now stands; and second, because this writ of
error has not been served upon the corporate authorities of said city,
as required by law.

The question presented by this motion is important, not on account
of the interest to be effected by it in this case, but from the number
of cases in which it may arise. To understand the question correct-
ly, it is important to ascertain what parties are interested in the con-
troversy. The plaintiff in error has a direct and unquestionable
interest; for the judgment to be pronounced is to operate directly for
his benefit or to his prejudice. The *State is the other party to the*
record, and no third party is mentioned in it; and if interested in the
controversy is entitled to notice, and may claim the right to be heard.
But if, on the contrary, the State occupies the attitude of a party
merely nominal, and is a trustee for public purposes, without any ben-
eficial interest, whatever, in the controversy; not entitled to the bene-

LITTLE ROCK, fit of the fine, if recovered, or subjected to the payment of costs, if
Jan'y 1838. the prosecution fails, to what purpose should she be served with notice?
GRAHAM Could she assume the control of the case, and exclude from its man-
*vs.* agement and direction the party really and beneficially interested?
THE STATE If the interest of the party entitled to the benefit of the recovery, be
legitimately shown in such manner that the court is bound to take
judicial notice of it, we think it cannot be doubted that such party is
entitled to notice, and may well insist upon the right to be heard;
for it is a fundamental maxim, admitted in the jurispudence of all
civilized and enlightened countries, " that the law will never suffer a
man to be divested of his rights, without having an opportunity to
make a defence."    The interest of the Corporation of Little Rock,
in the present controversy, is clearly ascertained by the City Charter,
or act of incorporation, approved November the 5th, 1835.    Section
10th, where it is enacted,

" That the full amount of all sums arising from the tax on all licen-
"ses in said city, *and from amercement* of fines, shall be paid into the
" treasury of said city:   forty per centum of all the nett proceeds of
"said sums shall be paid by the city treasurer into the treasury of
" the county of Pulaski, for the benefit of said county; and the resi-
"due applied to the common benefit of said city."

By the same act the City Court is created, and its jurisdiction and
powers prescribed.    Section 7, provides "that the said City Court
"shall have exclusive jurisdiction, without the privilege of appeal of
"all offences which are less than felony at common law, which shall
"be committed within the limits of the City of Little Rock, in viola-
"tion of the by-laws, ordinances, or regulations of said city," &c.

By an ordinance of the Common Council of the city of Little Rock,
approved December the 17th, 1835, betting money or other valuable
thing, on any gaming table commonly called A, B, C, or E, O, or *rouge
et noir*, or faro, or any other gaming table, or bank, of the same or like
kind, or of any other description, under any other denomination what-
soever, is prohibited, and a fine denounced against those who shall be
convicted thereof in the City Court.    The present controversy arises
upon a prosecution and conviction in the City Court, for betting at a
game commonly called faro; an offence which was clearly within the
jurisdiction of that court; and the fine, when collected by the statu-
tory provisions above recited, as clearly belonged to the Corporation;
into the treasury of which it is required to be paid.    It is true that

the corporation is directed to pay forty per cent. of the nett proceeds of the fine to the county of Pulaski; but that does not, as to the pre- sent question, affect in the slightest degree the interest of the corpo- ration in regard to the controversy; for it must be remarked that the claim of the county does not arise until the controversy between the corporation and the individual is determined, and the fine collected and paid into the city treasury: then, and not until then, the interest of the county commences: and until that interest arises, the attorney for the State cannot, in his official character, have any thing to do with the controversy. The corporation has, by law, a Solicitor, whose duty it is to prosecute in all cases in behalf of said city. This duty is expressly enjoined upon him by the city charter. The right and interest of the corporation in the subject matter of this controversy, is legal; the statutory provisions above recited make it legal: and hence we are bound to take judicial notice of it. If the right was merely equitable, the court could not regard it until specially shown; but if we are correct in the conclusion that the corporation of Little Rock has the legal interest in the controversy, and that their interest appears by a general law of the land, we are not at liberty to overlook or disregard it. By the Constitution it is made the duty of the attorney for the circuit in which the Supreme Court may hold its terms, to attend the Supreme Court and prosecute for the State: and by the act of the Legislature of 1836, the same duty is enjoined in all cases in which the State is interested. These provisions, if the view which we have taken of the subject be correct, can have no influence, whatever upon the question now before us. They only require the attorney for the State to attend the court, and prosecute or defend in such cases as the State may be interested; but where the State has no interest whatever, although named in the record as a party, it is not reasonable to conclude that either the Convention or Legislature intended to require him to appear and take part in the controversy; especially in such cases as the present, where such interference would conflict with the legal rights of the party alone interested in the cause. It is, therefore, the opinion of this court, that the Corporation of the City of Little Rock has a legal right to be heard in this controversy, and ought to have been served with a summons or notice to appear, as required by law: and that the attorney for the State is not, by virtue of his office, authorized by law to enter an appearance in this case for the defendant. But the fact

K

LITTLE
ROCK,
Jan'y 1838.

The present motion to dismiss, must consequently be overruled.