## RUTZELL VS. THE STATE.

The act of the Legislature, approved January 11, 1853, conferring upon the corporation of Fort Smith jurisdiction over criminal cases, and providing for a grand jury, is not contrary to the spirit of the bill of rights; but the 34th section of the act must be so restricted that the grand jurors can serve as an inquest for only so much of the county of Sebastian as may be included within the corporate limits of the city.

*Appeal from the Mayor's Court of Fort Smith.*

S. H. HEMPSTEAD, for the appellant. The act of the Legislature, as to a grand jury for Fort Smith, is contrary to the spirit

of the bill of rights, and void: and from which it follows that there was no legal conviction in the case. *Acts* 1852, *sec.* 34; 1 *Eng.* 187.

J. J. CLENDENIN, Att'y Gen'l, for the State.

Mr. Chief Justice WATKINS delivered the opinion of the court.

The appellant was convicted, in the Mayor's Court of Fort Smith, of the offence of keeping a grocery open on Sunday. The indictment, upon which the conviction was had, was preferred by a grand jury, which appears to have been organized pursuant to the provisions contained in the Act for the incorporation of the city of Fort Smith, approved January 11, 1853. The only question argued here for the appellant is, whether the act of the Legislature, providing for a grand jury for Fort Smith, is not contrary to the spirit of the bill of rights, and the conviction appealed from consequently illegal and void.

There can be no doubt of the power of the Legislature to confer jurisdiction upon corporation courts over all criminal cases less than felony, at the common law. (*Graham vs. The State*, 1 *Ark.* 79; *Ib.* 180; *Slattery Ex. parte*, 3, *Ib.* 384; *Rector vs. The State*, 1 *Eng.* 187.) But, it is also to be conceded that the jurisdiction must be conferred and exercised in such manner as not to conflict with other provisions of the constitution, and in subordination to the Bill of Rights, as was adjudged in *Eason vs. The State*, 6 *Eng.* 481, involving a similar question.

The 14th section of the Declaration of Rights ordains that no man shall be put to answer any criminal charge but by presentment or indictment; which has been always understood to mean the action of a grand jury. (*The State vs. Cox*, 3 *Eng.* 436.) The 11th section guaranties to an accused, in prosecutions by indictment or presentment, a speedy public trial, by an impartial jury of the county or district in which the crime shall have been committed. The act incorporating the city of Fort Smith, (*Sec.*

28,) vests in the Mayor's Court original jurisdiction, concurrent with the Circuit Court of Sebastian county, of all offences against the general laws of the State, lower than the grade of felony, committed within the corporate limits of the city, subject only to the appellate jurisdiction of the Supreme Court. Section 33 enacts, that all prosecutions in the Mayor's Court, for offences against the general laws of the State, shall be by presentment or indictment of a grand jury, as thereinafter provided. One of the requirements of the 34th section is, that the constable of the city shall summon, before each term, a panel of sixteen persons, "to serve as grand jurors for the body of the county of Sebastian, and particularly for and in behalf of the body of the corporation. of Fort Smith." The appellants contend that this feature is obnoxious to the declarations contained in the Bill of Rights, which are to be construed with reference to the common law.

All of the cases, deciding that an indictment or presentment is necessary, in order to put an accused upon trial for any offence against the general law of the land, proceed upon the idea of a substantial, instead of a literal, compliance with the provisions of the constitution, which might sometimes defeat the operation of them, according to their spirit and intention. However cumbrous and inconvenient may be the machinery of a grand jury, for the trial of misdemeanors, before corporation courts, or justices' courts, under the 3d amendment, adopted in 1846, it cannot be dispensed with, unless by nullifying other provisions of the constitution, the declared intention of which was to throw around an accused, in every case, the safe-guard of a preliminary investigation, and a formal accusation by indictment. "Grand juries," it was said by an eminent judge, "are high public functionaries standing between the accuser and the accused. They are the great security to the citizen against vindictive prosecutions, either by government, or political partisans, or by private enemies."

The policy of that constitutional provision is to be maintained without impediment from minor considerations, and so far as it can be done in harmony with other provisions of the constitution.

In *McElroy vs. the State*, 13 *Ark.* 710, the opinion of this Court was, that the General Assembly might well exercise the power of establishing new counties, without any infringement of the right of an accused to a trial in the county or district in which the offence may have been committed; because, otherwise, the effect would be to make the lines of counties unalterable. So, we think it clear that, to the extent the General Assembly have power to vest criminal jurisdiction in corporation courts, it may, and ought to be practically adapted to the object in view. The accused has a right to demand that the charge against him be preferred by indictment, and the right is amply secured to him, though for this purpose the territorial limits of the corporation constitute, as it were, the county or district out of which the grand jurors are to come. The utmost limit of the duty of the grand jury, to be summoned in accordance with the act of incorporation, which appears to have been framed with an anxious desire to conform, in conferring the jurisdiction, to the provisions of the constitution and the interpretation of them by this court, is to enquire of offences committed in the city of Fort Smith, though the prosecutions are conducted in the name of the State: and so far as the language quoted from section 34, of the charter, seems to contemplate that the persons summoned are to serve as grand jurors for the body of the county of Sebastian, it must be regarded as inoperative, except in connection with their particular duty to serve as an inquest for so much of the county as may be included within the corporate limits of the city. Judgment affirmed.