## THE STATE vs. PARNELL.

An indictment, charging that the defendant, "on Sunday, the 2d day of April, 1854,' in the county where the indictment was found, "did sell to divers persons, a large quantity of ardent spirits, to wit," &c., without setting out the names of the persons to whom the spirits were sold, or that they were sold to some person, to the jurors unknown, held sufficient.

*Appeal from the Circuit Court of Scott County.*

Hon. FELIX J. BATSON, Circuit Judge.

Mr. Attorney General JORDAN, for the State. The indictment pursues the language of the statute; and is, in substance, good. It is wholly unnecessary to set out the name of the person to whom the spirits were sold. *Digest Ark., chap.* 51, *sec. 3; Moffatt vs. The State,* 6 *Eng.* 169; *Shover vs. State,* 5 *Eng.* 259; *Brown vs. State,* 13 *Ark.* 96; *The State vs. Eldridge,* 7 *Eng.* 608.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

Parnell was indicted in the Circuit Court of Scott county, as follows: "The grand jurors, &c., &c., in and for the body of the county of Scott aforesaid, upon their oath, present that Richmond P. Parnell, on Sunday, the 2d day of April, A. D. 1854, in the county aforesaid, did sell to divers persons, a large quantity of ardent spirits, to wit: one quart of whiskey, against the peace," &c.

The defendant moved to quash the indictment, on the grounds that it did not allege to whom the spirits were sold, or that they were sold to some person, to the grand jurors unknown: and that

it was not alleged that the offence was committed in Scott county.

The court sustained the motion, and the State appealed.

The indictment is for the violation of *section 5, article 5, part 8, chapter 51, Digest, p.* 370, which declares, among other things, that every person who shall, on Sunday, sell or retail any spirits or wine, shall be deemed guilty of a misdemeanor, &c.

The venue is well enough alleged.

Was it necessary to aver the names of the persons to whom the spirits were sold, or that the names were unknown to the grand jurors?

It is a general rule, that in indictments for offences against the person or property of individuals, the name of the party injured must be stated, if it is known, or can be ascertained, and if not, it may be alleged that the injury was to a certain person or persons to the jurors unknown, or something equivalent. 1 *Chitty C. L* 212; *Cameron vs. State,* 13 *Ark.* 712; *Reed vs. State, present term.*

In the case at bar, the gravamen of the charge is a desecration of the Sabbath—an offence against public morals, and not against an individual.

If it is necessary to state the name of the person or persons to whom the spirits are sold, it could only be as matter of description. Is it requisite for this purpose?

It was held by this court, in a number of cases, that in indictments for betting at cards, under the 8th section of the gaming act, (*Digest, chap.* 51, *part* 8, *art.* 3, *sec.* 8,) it was necessary to set out the names of the persons by whom the game was played, as matter of description of the offence, and that the proof must correspond with the allegation. *Barkman vs. The State,* 13 *Ark. Rep.* 703; *Johnson vs. The State, ib.* 684; *Jester et al. vs. The State,* 14 *Ark.* 552; *Drew vs. State,* 5 *Eng. Rep.* 82; *Parrott vs. State, ib.* 572; *Moffatt vs. The State,* 6 *ib.* 169; *Stith vs. The State,* 13 *Ark. Rep.* 680.

This rule was found to be so inconvenient in practice, that the General Assembly, at its recent session, passed an act, intending

doubtless to dispense with the necessity of stating the names of the persons by whom the game is played. *Acts* 1854, 1855, *p.* 270.

A similar question arising now, under a different statute, for the first time, we are not disposed to treat the decisions above referred to, as conclusive upon the point; though upon principle, analogous to some extent.

The decisions of the courts of our sister States on this subject, are conflicting. See *Wharton's Crim. Law* 713, where they are collected.

In *State vs. Munger*, 15 *Vermont Rep.* 290, BENNETT, Judge said: "The general requisites of an indictment require it to be framed with so much certainty as to identify the offence, that the grand jury may not find a bill for one offence, and the prisoner be tried for another; and that he may know what accusation he has to meet, and the jury be able to give a verdict upon it, and the court to see such a definite crime that they may apply the punishment which the law has prescribed, and the prisoner be able to plead his conviction, or acquittal, in bar of a second prosecution for the same offence. It is said that the indictment is bad, because it is not averred to whom the liquor was sold, or that the person or persons are unknown. It is of no importance that the indictment should contain such an averment. The offence complained of works no injury upon the individual rights of the person to whom the sale was made, and none are supposed to be violated. It has no analogy to an indictment for theft, to which it was likened by the counsel, where the violation of private rights enters into the very essence of the crime. * * * The statute upon which this indictment is founded, gives but one penalty for a single violation, and it is immaterial whether the sale is to one or divers individuals."

So in *The People vs. Baker*, 17 *Wendell Rep.* 475, NELSON, Chief Justice, said: "It is to be remarked that the offence upon the statute consists in the act of selling the spirituous liquors without license; and, therefore, the designation of the persons to whom

sold, is in no way material to constitute it. The question is sim-
ply one of pleading, whether certainty to a common intent, re-
quires the names of the persons to be given to whom the liquor
was sold. The precedents appear to be all the other way. Our
statutes on this subject appear to correspond substantially with
the English acts of parliament, and were undoubtedly taken from
them forbidding the sale of ' *distilled spirituous liquors*, or *strong
water*,' as will be seen from a collection of them in 2 *Burn's Jus-
tice* 185, and onward. 4 *Wentworth* 504 contains the form of
an information upon these statutes, for selling without license, in
which the *mere act of retailing* the liquor without a license, is
averred; the persons to whom it was sold, are not mentioned, or
in any way referred to. The same remark is applicable to an
information 'and complaint before justices, for selling ale without
license. 1 *Burn's* 23, 25. There is a precedent in 2 *Chitty's
Crim. Law* 434, for selling ale and beer on Sundays, in which the
sale is charged as made to *divers idle and ill-disposed persons*,
whose names to the jurors aforesaid are yet unknown. Here,
though the persons are mentioned as unknown, yet, from the
manner in which it is stated, it is, I think, to be inferred that the
names were not deemed material, as in the precedents where they
are so considered, it is indicated by the form. In 4 *Went.* 525,
a precedent is given for selling hard soap in a shape different
from that required by the statute of 24 *G.* 3, *chap.* 48, *sec.* 14, in
which the names of the persons are not mentioned, or in any way
referred to. The case is strictly analogous to the one under con-
sideration, so far as respects the question involved. The prece-
dents are clearly with the pleader in this case, and upon a ques-
tion, the decision of which depends so much upon the opinion of
the court as to what amounts to certainty to a common intent;
-these afford, perhaps, as safe a guide as can be found."

In *Commonwealth vs. Smith & Burwell*, 1 *Grattan* 553, it was
held, that in an indictment for selling ardent spirits to slaves,
without the consent of the master, &c., it was not necessary to
state the names of the owners of the slaves to whom the liquor
was sold.

So in *Commonwealth vs. George Dove,* 2 *Virginia cases* 26, it was held, that in an information for retailing spirituous liquors without a license, it was not necessary to name the persons to whom the liquors were sold.

In *Ells vs. The People,* 4 *Scammon* 508, Ells was indicted for harboring a certain negro slave, owing service to Chancy Durkee, &c. ; and it was held that it was not necessary to state the name of the slave, as this omission could not, in any degree, affect the rights of the defendant.

In indictments for misdemeanors, the same technical particularity in the averments is not required, as in indictments for the higher grades of crime. If the names of the persons, to whom spirits are sold, were required to be stated, it would lead to inconvenience, in practice, rather than tend to promote the ends of justice. It would be often difficult for the grand jury to ascertain them, or the State to prove them as alleged. When a number of persons step into a dram shop for the purpose of obtaining ardent spirits, or wines, a significant nod or tap upon the counter, is sufficient to indicate to the keeper their purpose ; and, in many cases, an observer might swear that there was a sale upon the Sabbath, but it might be difficult for him to state, with requisite certainty, the name of the particular individual who made the purchase.

Upon the whole, we think the indictment in this case is substantially good, and ought not to have been quashed.

The judgment is, therefore, reversed, and the cause remanded for further proceedings.