## McCuen vs. The State. (No. 4.)

The 14th section of the Helena charter (Acts of 5th Dec., 1856,) authorizing the council to regulate and tax the sale of liquors, etc., in said city, does not repeal the operation of the 5th section of the Article, entitled SABBATH BREAKING, (*chap.* 51, *p.* 369, *Dig.*,) as to its inhabitants; nor did the act of 16th January, 1855, to regulate the sale of spirituous and vinous liquors in the county of Phillips, etc.

Upon an indictment for the sale of ardent spirits on the Sabbath, it is not material to prove the particular kind or quantity of spirits sold—or the persons to whom it was sold—and if the kind and quantity be alleged in the indictment under a *videlicet,* the allegation may be treated as surplusage.

*Appeal from Phillips Circuit Court.*

Hon. GEORGE W. BEAZLEY, Circuit Judge.

ALEXANDER, for the appellant.

JOHNSON, Attorney General, for the State.

Mr. Chief Justice ENGLISH, delivered the opinion of the Court.

Indictment for Sabbath breaking, charging: "That James McCuen etc., on Sunday, the 14th day of September, A. D. 1856, in the county of Phillips, etc., did sell to divers persons a large quantity of ardent spirits, *to-wit:* one quart of whiskey and one quart of brandy, contrary to the form of the statute," etc., etc.

The defendant pleaded not guilty, and the cause was submitted to a jury. The State proved by Evans: "That on the 14th day of September, 1856, the same being the Christian Sabbath, commonly called Sunday, he saw the defendant sell, to divers persons, spirituous liquors, and that said sale was

made within the corporate limits of the city of Helena, in said county of Phillips, and State of Arkansas, and within twelve months before the finding of the bill of indictment." Which was all the testimony introduced by the State.

The defendant then offered to read to the jury the act of 5th December, 1856, to incorporate the city of Helena, which the Court excluded, and the defendant excepted.

The jury found the defendant guilty, and assessed his fine at $20. He moved for a new trial, and in arrest of judgment, which motions were overruled, final judgment upon the verdict, and he appealed.

The indictment was found on the 4th of December, 1856, and the trial was had at the May term, 1857.

The indictment is upon the 5th section of the Article entitled SABBATH BREAKING, *chap.* 51, *p.* 369, *Digest*, which is as follows: " Every person who shall on Sunday keep open any store, or retail any goods, wares, or merchandise, or keep open any dram-shop, or grocery, or *sell or retail any spirits or wine*, shall be deemed guilty of a misdemeanor, and, on conviction, shall be fined in any sum not less than ten dollars, nor more than twenty."

If the effect of the 14th section of the act to incorporate the city of Helena had been to exempt that city and its inhabitants from the operation of so much of the above statute as relates to selling or retailing spirits or wine upon the Sabbath, the conviction of the appellant, nevertheless, would have been regular, by virtue of the *Act of* 21*st December*, 1846, (*Digest, p.* 960, *sec.* 8), as held in *McCuen vs. The State, No.* 3. But such, we think, was not the effect of the 14th section of the Helena charter. By the ordinary rules applicable to the construction of statutes, there is no necessary conflict between the two acts, and both may have effect. The subject matter of one is the desecration of the Sabbath; of the other, the sale of spirits within the limits of a city. The council for the city of Helena is empowered, by the 14th section of the charter, to *regulate* and tax the sale, in any quantity, of vinous, spirituous or malt

liquors, within the corporate limits of the city, and previous acts respecting the sale of vinous and spirituous liquors are repealed, so far as to exempt the city and its inhabitants from their operation. But it certainly was not the design of the Legislature to repeal, or exempt Helena and its inhabitants from the operation of a general law of the State prohibiting the desecration of the Sabbath by a sale of such articles. The Sabbath is a national day, set apart by the law of the land as a day of rest, and cessation from secular employments. Independent of religious considerations, the wisdom and experience of ages have established the necessity of its observance, and attested its moral and physical benefits to all classes. It cannot be supposed, therefore, that the Legislature intended to exempt the inhabitants of Helena from the operation of a general law prohibiting the desecration of the day. The council of the city of Helena may, no doubt, under the provisions of the charter, license dram-shops, but it cannot, as we must suppose it would not, make it legal to keep them open, or to sell or retail spirits, etc., upon the Sabbath.

Nor did the act of 16th January, 1855, to regulate the sale of spirituous and vinous liquors in the counties of Phillips and Ouachita, etc., (*Acts of* 1854, *p.* 148) repeal the statute upon which this indictment was founded, as supposed by the counsel for appellant.

The evidence in this case was sufficient to warrant the verdict. The gist of the offence charged was the sale of ardent spirits upon the Sabbath, which was sufficiently proven. It was not material to prove the particular kind or quantity of spirits sold by the defendant, or the persons to whom sold. *Parnell vs. The State*, 16 *Ark.* 506; 1 *Greenlf. Ev.* secs. 60, 61; *Commonwealth vs. Oldin*, 23 *Pick.* 279.

The allegation in the indictment, under the *videlicet*, that the defendant sold "one quart of whiskey and one quart of brandy," was surplusage, and it was not necessary for the State to prove it. *Ib.*

The judgment is affirmed.

Absent, Mr. Justice HANLY.