## LEWIS vs. THE STATE.

The decision in *Rector vs. The State*, (1 *Eng.* 187,) and *Dunn vs. Howard*, (1 *Eng.* 461), that so much of the act of 21st February, 1840, as confers on the city justices of Little Rock jurisdiction to hear and determine certain crimes, is unconstitutional and void, *approved.*

The 7th section of the act of February, 1838, conferring upon the city authorities exclusive power to license the retail of spirituous liquors, does not exempt the inhabitants from the operation of the general law prohibiting the desecration of the Sabbath. (*McCuen vs. The State*, 19 *Ark.* 636.)

Where an employer expressly authorizes or co-operates in an illegal act on the part of his clerk, they are both guilty.

### Appeal from Pulaski Circuit Court.

Hon. JOHN J. CLENDENIN, Circuit Judge.

GARLAND & RANDOLPH, for the appellant.

The Legislature may vest such jurisdiction in corporation courts as is deemed necessary. *Sec.* 1, *art.* 6, *Ark. Const.*—

to have separate constables, magistracy, etc. *Ib. sec.* 16. Original charter to city of Little Rock granted by territorial Legislature in 1835, and made the mayor and aldermen a body politic complete. Laws that were valid and in force when this State became a State, continued to be in force until they expired, were altered or repealed. *Sec.* 2 *of Schedule to Const.*; 13 *Metcalf* 68; 2 *Ohio State* 607; 3 *Stew.* 360; 1 *Bishops C. L.* 7.

By law subsequently passed, the offence here charged was placed within the city justices' jurisdiction. *Rev. Stat., p.* 276, *sec.* 44; *title Criminal Law;* and this act was afterwards decided to be constitutional as to offences less than felony. 3 *Ark.* 484; *Ib.* 561.

When an act is constitutional in part only, if that can be severed from the part not constitutional, it will be done. *McGehee vs. Mathis,* decided at this term of this court, and cases there cited.

Whenever a particular authority is conferred, whatever is necessary to carry that authority into execution is also conferred. 4 *Wheaton* 316; 9 *Ib.* 738; *Benedict's Admiralty, sec.* 13, 17; *Bouvier's Universal Law J.* 235; 12 *Peters* 718.

There is no such thing as losing jurisdiction by mere nonuser. 2 *Bay* 418; 1 *Strobhart* 1; 1 *Bland* 550; 1 *Bishop's Cr. Law* 56.

If the city justices, or city constable, had jurisdiction, it was exclusive, *Sec.* 3, *art.* 6, *Ark. Const.;* 9 *Wheaton* 1; 5 *Wheaton* 76; 1 *Bishop's C. L.* 666.

By license obtained from the city, a party can sell on any day—there is no restriction. *Sec* 7, *Act of* 21*st February,* 1838.

There are no joint actors known to the law in this offence; if another one sold, appellant is not guilty. 11 *Metcalf* 66; 4 *How. (Miss.)* 304; 2 *Denio* 341; 14 *Johnson* 119; 1 *Bishop's Cr. L.* 275; 5 *Eng.* 259; 7 *Parker's Cr. Rep.* 114.

HOLLOWELL, Attorney General, for the State.

Mr. Justice COMPTON delivered the opinion of the Court.

The appellant was convicted in the Pulaski Circuit Court upon an indictment for selling spirituous liquors on Sunday, contrary to the statute.

The evidence shows that the liquors were sold by a clerk, employed by the appellant in a retail establishment in the city of Little Rock.

The first objection relied on is, that the corporation court of Little Rock has exclusive jurisdiction of the offence. That this objection is not maintainable, has been well settled by the previous adjudications of this court. In *Rector vs. The State*, 1 *Eng*. 187, and *Durr vs. Howard, Ib*. 461, it was held that so much of the act of the 21st February, 1840, as confers on the city justices of Little Rock, as a corporation court, jurisdiction to hear and determine certain crimes, among which offences of the character charged against the appellant are embraced, was unconstitutional and void. The same principle was decided in *Eason vs. The State*, 6 *Eng*. 481, and recognized in *Rutzell vs. The State*, 15 *Ark*. 67.

There is nothing in the argument now pressed upon the court, which causes us to doubt the soundness of these decisions.

The next objection taken is based upon the refusal of the court to give the jury certain instructions moved by the appellant. The instructions were, in substance, 1st. That if the jury believed from the evidence that the sale was made within the corporate limits of the city of Little Rock, and that the appellant, at the time of the sale, had a license from the corporate authorities of the city to retail spirituous liquors, they must find him not guilty. 2d. That unless the jury believed the appellant " personally sold the liquors," they should acquit.

The argument is, that the first instruction should have been given, because section 7 of the act of February, 1838, gives the city authorities exclusive power to license the retail of liquors within the corporate limits of the city. Now, it was certainly not the design of the Legislature, by the act of 1838, to exempt the inhabitants of the city of Little Rock from the

operation of a general law of the State prohibiting the desecration of the Sabbath.   See *McCuen vs. The State (No. 4)*, 19 *Ark*. 636.

The second instruction was properly refused.   It was calculated to mislead the jury by making the impression that the employer could not be held responsible, under any circumstances, if the sale was made by the clerk.   The law is, that even though the employer did not make the sale himself, yet if he expressly authorized or co-operated in the illegal act of the clerk, they were both guilty.

Upon an examination of the testimony, as set out in the bill of exceptions, the court is of opinion there is no total want of evidence to support the verdict.

The judgment must be affirmed.