### JOHNSON VS. THE STATE.

LIQUOR: *Indictment for selling need not name the purchaser:*

An indictment for selling liquor without license need not state to whom it was sold.

APPEAL from *Franklin* Circuit Court.

Hon. G. S. CUNNINGHAM, Circuit Judge.

*C. B. Moore,* Attorney General, for the State.

It was not necessary to charge in the indictment *to whom the whiskey was sold.* It was sufficient to prove a sale to *any one* without having license.

ENGLISH, C. J. The indictment, (preferred January 10, 1882,) charged "that A. C. Johnson, on the 10th day of May, 1881, in the county of Johnson, etc., unlawfully did sell one pint of ardent liquors, the same being in quantities less than one quart, when no license authorizing the same had been previously procured from the County Court of said county by said A. C. Johnson, or by any other person; against the peace," etc.

The defendant pleaded not guilty, was tried by a jury, convicted and fined $200.

He moved in arrest of judgment on the ground that the indictment was uncertain in the description of the offence, that it did not allege the name of the person to whom the liquor was sold.

The Court overruled the motion, and defendant appealed.

It is a general rule that in indictments for offences

against the person or property of individuals, the name of the party injured must be stated, if it is known to the grand jury, &c. *State v. Parnell,* 16 *Ark.,* 506; *State v. Cadle,* 19 *Ib.,* 613. *But see Gantt's Dig.,* Sec. 1786.

In this case appellant was not charged with any offence against the property or person of an individual, but the gravamen of the offense charged is the selling of liquor without license, in violation of a police statute of the State, (Act of March 8th 1879), and in such an indictment it has been decided by this Court that it is not necessary to allege the name of the person to whom the liquor was sold. *McCuen v. State,* 19 *Ark.,* 630; *Parnell v. State,* 16 *Ib.,* 506.

Affirmed.