## STATE V. BAILEY,

### SAME V. WELLS—3 cases.

1. LIQUOR: *Indictment for selling: Name of purchaser: Druggist.*
   An indictment for selling liquor in violation of the Three Mile Law, need not allege the name of the purchaser, nor negative that the defendant was a druggist selling for medical purposes only.

2. INDICTMENT: *Exception in statute.*
   An exception in a criminal statute not contained in the enacting clause need not be noticed in an indictment. It is matter of defense.

3. LIQUOR: *Local option; Prohibitory order can designate but one point.*
   An order of the County Court prohibiting the sale of liquor within three miles of two different points is void, and a violation of the order is no offence.

APPEALS from *Bradley* Circuit Court.
Hon. J. M. BRADLEY, Circuit Judge.

*C. B. Moore*, Attorney General, for appellant.

It was not necessary to negative the prescription by a physician. All attempts to state anything in reference to physician's prescriptions may be treated as surplusage. The exceptions in the law are not in the exacting clause and need not be negatived. It is matter to be shown in defence. *Wilson v. State*, 35 *Ark.*, 414; *Blackwell v. State*, 36 *Ark.* 178.

Nor was it necessary to state to whom the liquor was sold., *Johnson v. State*, 40 *Ark.*, 453.

1. LIQUOR: Indictment for selling. Name of purchaser. Druggist. SMITH, J. To these four indictments for violations of the Three Mile Act, the Circuit Court sustained demurrers. In one of the cases it was objected that the indictment did not specify to whom the liquor was sold. Such an allegation

was unnecessary. *Johnson v. State*, 40 *Ark.*, 453, and cases cited.

And in all of the cases it was objected that the indictments did not negative the fact that the defendants were druggists selling for medical purposes only. The indictments do allege that the liquors were not sold upon the certificate of a practicing physician. But this was surplusage. The exception in the statute, not being contained in the enacting clause, needed not to be noticed, but was matter of defense. *Wilson v. State*, 35 *Ark.*, 414 *and cases cited ; Blackwell v. State*, 36 *Id*, 178.

2. Exception in statute.

There is, however, a defect apparent on the face of the indictments, but not specially assigned as cause of demurrer, which goes to the root of the whole matter. The charges are that the several defendants did sell intoxicating liquors within three miles of the Methodist and Baptist churches in the town of Warren, Bradley County, after the County Court had made an order prohibiting such sales, within three miles of said churches. In *Williams v. Citizens, &c.,* 40 *Ark.*, 290, we held that the County Court had no power to make such an order upon a petition which designates two points within three miles of which sales of liquor are to be prohibited. A circle can have but one center.

The judgments are affirmed.