PARMENTER vs UNITED STATES.

Opinion rendered November 24, 1906.

(98 S. W. Rep. 340).

1. *Intoxicating Liquors—Indictment—Allegations.*

Under the Act of Congress of March 1, 1895, (28 Stat. C. 145) it is

not necessary that an indictment, charging the sale of intoxicating liquors, state the name of the person to whom said liquor was sold.

2. *Criminal Law—Instructions.*

Where the instructions given by the court upon the trial of the case are not contained in the record, the court has no means of knowing whether a complained of instruction was given or not, and where the record does not show that any exception was taken by the defendant to the failure of the court to instruct the jury as it is claimed was requested, the judgment of the lower court will be affirmed.

Appeal from the United States Court for the Western District of the Indian Territory; before Justice Chas. W. Raymond, January 28, 1905.

J. N. Parmenter was convicted of selling intoxicating liquor, and appeals.    Affirmed.

On the 5th day of October, 1904, an indictment was returned against the defendant, Parmenter, for selling intoxicating liquor on the 10th day of September, 1904.    Trial was had, and, on the 2d day of January, 1905, the jury returned the following verdict:    "We, the jury, find defendant guilty in manner and form as charged in the first count of the within indictment.    D. H. Zink, Foreman."    Motion in arrest of judgment was filed and overruled, and defendant prayed an appeal to this court.

*W. J. Crump,* for appellant.

*W. M. Mellette,* U. S. Atty.

TOWNSEND, J.    Two questions are raised in this case by appellant, the first of which is, does the law require that the name of the person to whom liquor is sold shall be stated in an indictment for selling intoxicating liquor in the Indian Territory?    The first count of the indictment, upon which

the verdict of the jury was returned, is as follows: "The grand jurors of the United States of America, selected, impaneled, sworn, and charged to inquire within and for the body of the Western District of the Indian Territory, in the name and by the authority of the United States of America, upon their oaths do find, present, and charge that one J. N. Parmenter, on the 10th day of September, A. D. 1904, within the Western District of the Indian Territory, unlawfully and feloniously did then and there sell and give away one quart of vinous liquor, one quart of malt liquor, and one quart of intoxicating liquor to divers persons, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States of America." The indictment in this case is under the act of Congress of March 1, 1895, 28 Stat. 697, c. 145, which provides: "Sec. 8. That any person, whether an Indian or otherwise, who shall, in said territory, manufacture, sell, give away, or in any manner, or by any means furnish to anyone, either for himself or another, any vinous, malt, or fermented liquors, or any other intoxicating drinks of any kind whatsoever, whether medicated or not, or who shall carry, or in any manner have carried, into said territory any such liquors or drinks, or who shall be interested in such manufacture, sale, giving away, furnishing to anyone, or carrying into said territory any of such liquors or drinks, shall, upon conviction thereof, be punished by fine not exceeding five hundred dollars and by imprisonment for not less than one month nor more than five years." It will be noticed that the act provides that if any person shall sell intoxicating liquor to "anyone" he shall be guilty of a crime, than which there could hardly be a more general or comprehensive description.

In Nelson vs United States (C. C.) 30 Fed. 112, an Alaska case, the court said: "I do not think that the motion

to set out the name of the purchaser of the liquor is a matter that can be alleged here as error. The name can only be required for the more convenient identification of the transaction. It is not a necessary ingredient of the offense, particularly where the prohibition to sell is general, irrespective of persons. If it was a case of prohibition to sell to a particular person or class of persons, as a woman, or minors, there would be more reason for holding that the name of the person to whom the sale was made is a necessary part of the statement of the offense." In Black on Intoxicating Liquors, page 464, it is said: "A great number of authorities sustain the doctrine that it is not necessary for the indictment either to name the purchaser or to allege that he is unknown, or to make any reference to him further than that implied in the allegation that a sale was made." And the uniform course of the decisions of Arkansas Supreme Court has been along this line. State vs Parnell, 16. Ark. 506, 63 Am. Dec. 72; McCuen vs State, 19 Ark. 636; Johnson vs State, 40 Ark. 453; State vs Bailey, 43 Ark. 150. Also State vs Brown, 41 La. 771, 6 South. 638; State vs Bielby, 21 Wis. 204. In McCuen vs State, supra, the indictment charged the sale of liquor to divers persons, as in the indictment under consideration, and the court there held that it was not necessary to give the names of the purchasers. In State vs Parnell, supra, the Supreme Court of Arkansas goes into the question fully, and, quoting from State vs Munger, 15 Vt. 290, lays down the rule, which has been followed in the succeeding cases, giving the reasons upon which the rule is predicated. The court there says: "It is said that the indictment is bad because it is not averred to whom the liquor was sold, or that the person or persons are unknown. It is of no importance that the indictment should contain such an averment. The offense complained of works no injury upon the individual rights of the person to whom the sale was made, and none are supposed to be violated. It has no

analogy to an indictment for theft * * * where the violation of private rights enters into the very essence of the crime. * * * The statute upon which this indictment is founded gives but one penalty for a single violation, and it is immaterial whether the sale is to one or divers individuals."

We think the indictment good in that respect, and that it is not necessary to insert in the indictment the name of the person to whom the liquor was sold.

The second question raised by appellant in his brief is that it was error not to allow the jury to fix the punishment. But, as the instructions given by the court upon the trial of the case are not contained in the record, we have no means of knowing whether the court gave such an instruction or not. Nor does the record show that any exception was taken by defendant to the failure of the court to so instruct the jury.

There being no error in the record, we are of the opinion that the judgment of the court below should be, and it is, affirmed.

GILL, C. J., and CLAYTON and LAWRENCE, JJ., concur.