## THOMAS *v.* BURKE.

Opinion delivered October 18, 1909.

1. CIRCUIT COURT—RIGHT TO APPEAL FROM COUNTY COURT.—Where all of the signers to a petition to put in force the three-mile prohibitory law (Kirby's Digest, § 5129) took an appeal from an adverse judgment of the county court, but the affidavit for appeal was made by a party who was not eligible as a petitioner, such ineligibility did not affect the right of the other petitioners to be heard in the circuit court on appeal. (Page 596.)

2. LIQUORS—OPERATION OF THREE-MILE LAW BEYOND STATE.—When the point which marks the center of a circle having a radius of three miles within which a prohibitory statute has been put in force is less than three miles from the State boundary, so much of the circle as lies beyond the State boundary should not be considered in determining whether the petition to put in force the prohibition law contains the requisite majority of signers. (Page 597.)

3. SAME—THREE-MILE LAW—DESIGNATION OF CENTER.—Where a petition to put in force the three-mile law described the center of the proposed circle as "the public school building situated on block 34," etc., and the evidence shows that there are two school buildings in the block 30 feet apart, one of which is known as the main building and the other as an "annex" thereto, it will be taken that the petition referred to the main building. (Page 597.)

Appeal from Miller Circuit Court; *James S. Steel*, Judge: reversed.

*IV. V. Tompkins*, for appellant.

1. Thomas was a party, having signed the petition when a resident of the district, and had a right to appeal and make the necessary affidavit.

2. Only one point was named and one building; the main building, which constituted one center. 40 Ark. 290; 43 Ark. 150; 45 Ark. 458; 56 Ark. 107. *Lindley* v. *State*, 90 Ark. 284, settles this question. See also 33 L. R. A. 322; 48 Ark. 310; 35 Ark. 428; 36 Ark. 181.

3. 90 Ark. 284 also settles the question that the three-mile law only contemplated the counting of inhabitants *within this State*, when the radius would extend beyond the limits of the State.

*J. D. Conway* and *John N. Cook*, for appellees.

1. Thomas was not an adult inhabitant of the district, within the meaning of the act. He could not appeal nor make the affidavit. 70 Ark. 545. The appeal should be dismissed. 71 Ark. 84; 85 *Id.* 304; 52 *Id.* 99; 77 *Id.* 586; 66 *Id.* 126.

2. Two school buildings were designated in the petition. There cannot be two central points in a circle. There was no designation of the initial point. 36 Ark. 178; 90 Ark. 284; 40 Ark. 290; 68 Ark. 92.

McCULLOCH, C. J. This is an appeal from the judgment of the circuit court of Miller County refusing to make an order prohibiting the sale or giving away of intoxicating liquors within three miles of a school house in the city of Texarkana. The county court had refused to make the order prayed for, and an appeal was taken to the circuit court. The case was heard in the circuit court on oral evidence. The petition was in due form prescribed by law, and described the house which was to mark the center of the prohibited area as "the Public School Building situated on block 34, in the city of Texarkana, Miller County, Arkansas."

The first point to which attention should be directed was that raised by appellees (persons who were permitted by the court to appear and make themselves parties for the purpose of remonstrating against granting the prayer of the petition) whether or not the appeal from the judgment of the county court was properly granted. The record shows that the petitioners, which of course means all of them, prayed an appeal to the circuit court, and that the affidavit for appeal was made by B. B. Thomas, one of the petitioners and appellants.

The appellees filed a motion in the circuit court to dismiss the appeal on the ground that Thomas had never been an inhabitant of the territory in question; that he was only temporarily there at the time the petition was signed and presented to the county court, and that he had removed to a distant part of the State before the case came up for hearing in the circuit court. The court overruled the motion to dismiss the appeal, and we think that was a correct ruling.

It is unnecessary for us to decide, in passing on this ruling of the court refusing to dismiss the appeal, whether or not Mr. Thomas was in fact an inhabitant of the three-mile area within

the meaning of the statute. He did, in fact, sign the petition, and was entitled to be heard, with the other petitioners, when the county court considered the matter; and when the court by its judgment denied the prayer of the petition, he was one of the persons aggrieved by the judgment within the meaning of the statute, and he, as well as the other petitioners, was entitled to prosecute an appeal to the higher court. In other words, the right to take an appeal depended, not on the right of the petitioners to the relief prayed for, but on the right to be heard in the appellate court when relief was denied in the inferior court; and when Mr. Thomas signed the petition which was filed in the county court, he became a party to that record, and was guaranteed the right of appeal by the Constitution and laws of the State, as much as any other petitioner, even though it should finally be decided that he was not eligible as a petitioner. Of course, if Thomas had been the only person who took an appeal, and it appeared on the hearing that he was not eligible as a petitioner, and therefore had no interest in the further prosecution of the case, the question would arise as to whether or not the court should consider the case and grant the relief solely on his request. But no such question arises on the record, as it shows that all of the petitioners appealed, and the affidavit was made by Thomas as one of the parties aggrieved.

There are only two other questions in the case necessary for us to decide. One is this: The school house named in the petition is less than three miles distant from the State line, and the circuit court held that "all of the adult inhabitants residing within the radius of three miles of such center must be counted in ascertaining the total number of adult inhabitants within said district, irrespective of the State line." This court has decided to the contrary, and the ruling of the circuit court is incorrect. *Lindley* v. *State,* 90 Ark. 284.

The remaining question is as to the correctness of the court's declaration of law and finding of fact concerning the designation of the school house which was to mark the center of the proposed prohibition territory. The petition, as already shown, named "the Public School Building situated on block 34, in the city of Texarkana, Miller County, Arkansas," as the center of the proposed territory. There was no conflict in the evidence on this

branch of the case, and it is undisputed that there are two build-
ings on block 34, both used for public school purposes. The two
buildings are situated about thirty feet apart (or about 100 to
150 feet from center to center), and are under the supervision of
the same superintendent and the same corps of teachers. In
other words, there are two buildings, about thirty feet apart,
used in conducting one school by one superintendent and corps
of teachers. One of the buildings is shown to be the main build-
ing, situated near the center of the block, and the other, which
is a smaller one, is referred to as the "annex."

Upon this showing, the court found that there were two
public school buildings on block 34, and that the petition failed
to designate the particular one which was to form the center of
the proposed area. This was one of the grounds on which the
court denied the prayer of the petition.

The statute prescribes that "whenever the adult inhabitants
residing within three miles of any school house, academy, college,
university or other institution of learning, or of any church house
in this State, shall desire to prohibit the sale or giving away of
any vinous, spirituous or intoxicating liquors of any kind," etc.,
and a majority thereof shall petition the county court of the
county "wherein such institution of learning or church house is
situated," said court shall make an order, etc. Kirby's Di-
gest, § 5129. This phase of the statute has never been passed
on by the court except in the following cases, which do not reach
to the particular question now under consideration: *Williams* v.
*Citizens,* 40 Ark. 290; *State* v. *Bailey,* 43 Ark. 150; *Gazola* v.
*State,* 45 Ark. 458; *Lindley* v. *State, supra.*

In *Williams* v. *Citizens, supra,* the petition named as the cen-
ter of the proposed area two churches situated about two hun-
dred yards apart. This court held that that rendered the pro-
ceedings void. Judge Eakin, speaking for the court, said:

"Two points, as centers of circular areas, cannot be desig-
nated in the same petition, signed without distinction, by a ma-
jority of the adult inhabitants living within three miles of both
points, or of either one or the other point. In the first case
the area would be less than one with a radius of three miles,
and in the second case it would be greater. The statute confers
no authority to make such an order as would result in either case.

Every adult inhabitant residing within three miles of any particular school house, church, etc., should be counted in determining the majority, that is in theory, and as nearly practically as possible, and no one living more than three miles from that particular house should be. This cannot be effected by designating two or more distinct buildings more or less widely separated, without any indication of one as the center for all. Where they are close together, it would probably make little difference, but embarrassments would grow as the distance widened, and the court cannot fix the limits within which the practice would be permissible."

The next two cases cited above arose upon indictments for selling liquor within three miles of two churches, and the court, citing the Williams case, held that the orders were void.

In *Lindley* v. *State, supra,* the petition described the center of the proposed area as "the new stone public school house situated on block 23, in the town of Mammoth Spring," and it was afterwards shown that the house was situated on block 22 instead of block 23 as stated in the petition. The court held that the defect did not render the proceedings void, and that it "was sufficient to describe it in the language of the statute with such reasonable certainty as to identify it as the point marked from which the radius was to extend in designating the territory to be embraced in the order."

Now, it is manifest that the framers of the statute had in view two things in shaping the form of the proceedings: one, that a definite object should mark the center of the prohibition area to be created; and the other that the radius of this area should extend three miles from this center. This necessarily means that the center shall be definitely and accurately pointed out, so that there should be no uncertainty as to the limits of the area. But absolute accuracy in the description is not required. Reasonable certainty is sufficient. This is demonstrated in *Lindley* v. *State, supra,* in which it was held that an error in describing the school house in the wrong block was immaterial, as the building was otherwise sufficiently described.

Applying the descriptive language of the petition in this case to the facts shown to exist with reference to the buildings on block 34, there can be no doubt that it means the principal or

main building, and not the so-called "annex." The descriptive words in their ordinary acceptation cannot mean anything else. Parol evidence is admissible of course to show the surroundings, so as to identify the particular building intended to be described —to fit the description to the building. *Paragould* v. *Lawson,* 88 Ark. 478. The petition, therefore, named only one building as the center of the proposed area, and we are of the opinion that the learned judge erred in his conclusion that two buildings were named.

Appellants ask that we make a finding here of the fact as to whether or not the petition contained a majority of the adult inhabitants residing within three miles of the school building mentioned in the petition, and render a final judgment without remanding the case for further trial. We do not deem it proper to do this on the conflicting testimony in the record. The circuit judge made no finding of fact as to whether the petition contained a majority of the adult inhabitants residing in this State within the three-mile limit, and we think the case should be remanded for new trial in accordance with the law herein stated. It is so ordered.

BATTLE and HART, JJ., dissenting.