## McNEIL v. STATE.

### Opinion delivered July 10, 1916.

LIQUORS—ILLEGAL SALE—INDICTMENT—NAME OF PERSON TO WHOM
    SALE WAS MADE.—An indictment charging the sale of liquor without
    a license may be sufficient although it contains no allegation of the
    name of the person to whom the liquor was sold.

Appeal from Sebastian Circuit Court; *Paul J. Little*,
Judge; affirmed.

#### STATEMENT BY THE COURT.

Appellant prosecuted this appeal from a judgment
of conviction for the unlawful sale of intoxicating liquors.
The indictment charges that he "unlawfully and felon-
iously did sell vinous, malt, fermented, alcoholic and
intoxicating liquors, etc.," without naming any person
to whom they were sold. A demurrer was interposed
to the indictment and overruled and exception saved.

It appears from the testimony that appellant sold
whiskey three or four different times to one Harrison
Davis, in the back end of his place—a sort of restaurant,
or eating house, in the city of Ft. Smith. Davis stated
that he bought whiskey the first time from L. J. McNeil
some time after Christmas, last year; that he bought
three or four times, the last half-pint on Thursday, about
two o'clock in the afternoon, before he was arrested
that night for being drunk. He got the whiskey from
appellant, who poured it out of a quart bottle, and paid
him the money for it in his kitchen.

Three officers testified they had searched appellant's
place and found a quart and two pints of whiskey in
sealed bottles, up stairs in a trunk, which was claimed to
have been put there for his wife, and a barrel of empty
quart bottles in the back end of the house, on the first
floor.

Appellant denied having sold any whiskey to Harrison
Davis at any time and that he had or kept any whiskey
on the premises and stated, also, that he was not about
his place of business the afternoon of this particular

Thursday on which Davis claims to have purchased whiskey the last time.

Several other witnesses also testified that he was not at the house at the time of the alleged sale and was at other different places in town during the afternoon.

*Edwin* and *John B. Hiner*, for appellant.

1. The court erred in overruling the demurrer. The indictment does not sufficiently allege the particular circumstances of the offense. It did not name the purchaser of the liquor, nor the place of sale, nor the circumstances thereof. 64 Ark. 194 is not against us. Kirby's Digest, § 2227.

2. The time of sale was not fixed by any witness. There is nothing to show that the sale was made after January 1, 1916, and the conviction was erroneous.

*Wallace Davis*, Attorney General, and *Hamilton Moses*, Assistant, for appellee.

1. The demurrer was properly overruled. Kirby's Digest, § 2227. The offense was stated with such certainty that the accused knows the crime for which he is called upon to answer, etc., and so that an acquittal might be pleaded in a subsequent prosecution. 102 Ark. 454; 98 *Id.* 577; 94 *Id.* 65; 95 *Id.* 48; 84 *Id.* 487; 26 *Id.* 323; 11 Ohio 282; Bishop New Crim. Law, § 163; 98 Ark. 578; 95 *Id.* 61; 39 *Id.* 216; 71 *Id.* 80; 72 *Id.* 586. The indictment charged the offense substantially in the language of the statute. It need not state to whom the liquor is sold. 40 Ark. 453; 19 *Id.* 630; 43 *Id.* 150; 197 Fed. 283; 67 So. 714; 125 Ga. 778; 27 Kans. 499; 47 Pac. 174; 99 Mo. App. 34; 100 N. W. 396 and many others.

2. The date of the sale was sufficiently established, and his guilt was proven to the satisfaction of the jury.

Kirby, J. (after stating the facts.) It is contended that the court erred in overruling the demurrer and that the proof is not sufficient to show the sale was made after the law became operative on January 1, 1916, making the sale of intoxicating liquors a felony.

This court has held an indictment charging the sale of liquors without license, which did not allege the name of the person to whom the liquor was sold, sufficient. *Johnson* v. *State*, 40 Ark. 453; *McCuen* v. *State*, 19 Ark. 630; *State* v. *Bailey*, 43 Ark. 150.

It is true the offense has been raised to the grade of a felony by the new law, fixing the punishment, but it is still not an offense against the property or person of an individual and the gravamen of the offense consists in the selling of the liquor, and it was not necessary, as held heretofore, to allege the name of the person to whom the liquor was sold. The offense is charged substantially in the language of the statute and in such a manner as to enable a person of common understanding to know what is intended, and the accused to understand what he is called upon to answer, and with a sufficient degree of certainty to enable the court to pronounce judgment on conviction, according to the right of the case. *Howard* v. *State*, 72 Ark. 586; *Parker* v. *State*, 98 Ark. 578; *Quertermous* v. *State*, 95 Ark. 61.

The testimony does not show definitely the date of the sale to the witness Davis, but he testified he had bought whiskey from appellant upon four different occasions, the first time, some time after Christmas of last year, and the last on a particular Thursday in the afternoon, before he was arrested for getting drunk that night.

All the witnesses knew the date of said day and whether or not it was during the year of 1916. Appellant testified not that said day was of last year but only that he did not make the sale, and that he was not at his place of business at the time witness claimed to have bought whiskey, and many other witnesses stated that he was at different places in the city during the afternoon of that day.

The court instructed the jury that if they found appellant sold the whiskey after the first day of January, 1916, they would return a verdict of guilty, and the testimony is sufficient to support the finding.

The judgment is affirmed.