### TITUS v. SCANTLING and WIFE.

It is not necessary, in an action on a bond conditioned for the performance of an award, that a plea in bar admitting the execution of the bond but denying that any award had been made, should be verified by affidavit.

A plea in such case,—averring the bond to be void by the statute of another state where it was executed,—should set forth particularly the statute relied on.

APPEAL from the *Shelby* Circuit Court.

STEVENS, J.—*Scantling* and wife, plaintiffs in the Court below, declared against *Titus*, the defendant below, upon a bond made to the wife while sole for the payment of 1,000 dollars, conditioned for the performance of an award, &c. The declaration, after stating the bond and condition, alleges the making of the award, &c. and that certain sums of money were awarded to be paid to the wife, she still being sole, by the defendant, &c. of which he had notice, &c. It is then specially averred, that the plaintiffs in all things kept and performed the award on their parts, but that the defendant had failed to pay the money, &c. The declaration shows upon its face that the bond and condition, and the award, were made in *Butler* county, in the state of *Ohio*, and that the cause of action arose there, &c. The defendant craved *oyer* of the bond and condition, and then

pleaded four special pleas in bar. The first two pleas were demurred to, and the demurrers sustained by the Court; the third plea was set aside on motion of the plaintiffs; and issue to the country was taken upon the fourth plea, a jury trial had, and a verdict and judgment rendered for the plaintiffs; and the defendant appealed to this Court.

The first question presented for our consideration is, whether the Court erred in setting aside the defendant's third plea. The third plea admitted the making the bond and condition, but denied that any award was ever made in manner and form as required by the condition of the bond. The appellees insist that this plea was correctly set aside, because it was not sworn to as is required by the 21st section of the practice act of 1831, p. 403. By that section it is declared, that "no plea in abatement, plea of *non est factum*, non-assignment, or other pleadings, denying or requiring proof of the execution or assignment of any bond, bill, release, or other instrument of writing, which is the foundation of any suit or defence, and is specially set forth in the declaration, plea, or other pleadings, shall be received unless supported by oath or affirmation." The only difficulty in this case is, to determine whether the award denied by this plea, is the foundation of the plaintiffs' action. If it is not the foundation of the action, the statute does not require a plea denying its existence to be sworn to. When a submission is made by bonds, and the award is merely to pay money, the plaintiff has his choice of three different modes of proceeding. He may sue upon the bond without stating the condition, 1 Saund. 168; or he may in his declaration set out the bond and condition, and the award, and assign his breaches; in either of these modes, the bond is the foundation of the action, and the award is merely matter of inducement: or he may declare upon the award itself, and then the award is the foundation of the action. In the case now under consideration the suit is upon the bond, and the award is not the foundation of, but the inducement to the action, and a plea denying its existence need not be sworn to. 2 Chitt. Pl. 189, note (u).

The next question is, were the demurrers to the first two pleas correctly sustained? As to the second plea, we think it entirely insufficient, and that the demurrer to it was correctly sustained. The first plea presents a more serious question, and

must be carefully examined. It admits the making of the bond and condition, and the making of the award, but avers that they were all made in the county of *Butler* and state of *Ohio*, and that the cause of action arose there, and that by the laws of the state in force there at that time, the said bond was and still is, in that state, void, and that, therefore, it is void in the state of *Indiana*. The special causes, reasons, and facts why it is void, are set forth in the plea, and the plea concludes with a proper verification, &c. The point of controversy arising upon this plea is, whether, if the subject-matter is properly pleaded, it is sufficient to bar the action? Questions have frequently arisen in the Courts of justice in the *United States*, on the effect to be given to foreign laws, when brought into view in discussions concerning personal rights and contracts. The great question is, how are contracts made abroad to be construed, and in what manner and to what extent are they to be enforced and discharged, when the law of the country in which they were made, and the law of the country in which performance is sought, are in collision?

The doctrine of the *lex loci* is replete with subtle distinctions and embarrassing questions, which it is said have exhausted the learning and skill of the most distinguished jurists and civilians. But generally speaking, a contract valid by the law of the place where it is made, is valid everywhere. This rule is founded on the tacit consent of civilized nations, arising from its general utility, and seems to be a part of the law of nations, adopted by the common law. Still it is true, as a general proposition, that the laws of a country have no binding force beyond its territorial limits; and their authority is admitted into other states, not from their binding force, but on the principle of comity; and every independent state will judge for itself, how far the principles and rules of comity are to be permitted to interfere with its domestic interests and policy. No community is bound to enforce or hold valid in their Courts of justice, any contract which is injurious to their public rights, or offends their morals, or contravenes their policy, or violates a public law.

There are, however, certain general rules in respect to the admission of the *lex loci contractus*, which have been illustrated by jurists, and recognized in judicial decisions, which may be resorted to as safe landmarks in the consideration of this case

May Term, 1834.

Titus
v.
Scantling.

now before us. It appears to be a settled rule of decision, that personal contracts are to have the same validity, interpretation, and obligatory force in every other country, which they have in the country where they were made, or where they were to be executed; and the contract is to be presumed to be made in reference to the laws of the country in which it is made, unless the intention of the parties to the contrary be clearly shown. Hence, it is a consequence of this admisssion of the *lex loci*, that contracts, void by the law .of the land where they are made, are void in every other country. *Pearsall et al.* v. *Dwight et al.* 2 Mass. Rep. 84.—*Nash* v. *Tupper*, 1 Caines' Rep. 402.—4 Dallas' Rep. 327.—*Alves* v. *Hodgson*, 7 T. R. 237.—*Desesbats* v. *Berquier*, 1 Binn. Rep. 336.—*Houghton* v. *Page*, 2 N. Hamp. Rep. 42.—2 Kent's Comm. 453, *et seq.*

The only question left undisposed of as to this plea is, whether the averments contained in it are sufficient? It is a rule about which there is no controversy, that Courts of justice cannot judicially take notice of foreign laws,—they must be specially pleaded. Whether the bond in question in this case is void by the laws of the state of *Ohio*, is a question of law for the Court to decide; and the plea should, particularly, set forth and show to the Court the law relied upon, so that the Court might determine from the face of the plea, whether, if there were such a law in force in the state of *Ohio*, the bond was void or not. The general allegation, that the bond is void by the laws, &c. is not sufficient; that is only the conclusion of law, which the Court alone has a right to judge of, and not the party pleading. *Pearsall et al.* v. *Dwight et al.* 2 Mass. Rep. 87, 88.—*Walker et al.* v. *Maxwell*, 1 Mass. Rep. 104.—*Beauchamp* v. *Mudd*, Harden's Rep. 163 (1).

Again, if a contract be made in one country, to be executed and performed in another, it is presumed that the parties had reference to the laws of the country where the contract was to be performed; and the law of that country will govern the contract in respect to its construction and force. The plea then, in this case, should have averred that the bond was made in reference to the laws of the state of *Ohio*, and was to be there executed and performed. This averment would have been proved by proving that the contract was made in the state of *Ohio*, unless the contrary was shown; for the presumption of law is, that the contract is made in reference to the laws of

the country where the parties enter into it, unless the contrary is clearly shown. The demurrer then to this plea appears to have been also correctly sustained.

But the Court having committed an error, as we think, in setting aside the defendant's third plea, the judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*P. Sweetser,* for the appellant.

*W. W. Wick* and *O. Butler,* for the appellees.

(1) Accord. *Elliott et al.* v. *Ray,*. Vol. 2, of these Rep, 31, and note (2).— *Cone* v. *Cotton et al.* idem, 82, and note (2).