## THE PEOPLE v. BRIGGS.

*1. DISTRICT COURT:* JURISDICTION: PROCEEDINGS IN JUSTICE'S COURT. In cases of concurrent jurisdiction, after an indictment has been found and presented, the District Court cannot be ousted of jurisdiction by any proceedings subsequently commenced in a justice's court, resulting in the conviction or acquittal of the party indicted, on the same charge.

*2. JUSTICE OF THE PEACE:* HOW CHOSEN: ILLEGAL APPOINTMENT. A justice of the peace must·be elected by the people in such manner as may be provided by law; and where the office of city justice is filled by appointment of the city council, such appointment is· illegal and void, and clothes the appointee with no judicial power or authority to act.

*3. PLEADING:* FORMER CONVICTION OR ACQUITTAL: EFFECT OF. Where a defendant enters a plea of former conviction or acquittal alone, he elects to stand on such plea, and if the issue is found against him, he will not be permitted to enter a plea of not guilty, but the court must give judgment of conviction or acquittal according as the facts prove or fail to prove the former conviction or acquittal.

*4.* ———: ———: ———. A plea of former conviction or acquittal may be pleaded either with or without the plea of not guilty, and if the defendant does not desire to stand on his plea of former conviction or acquittal, he must unite therewith his plea of not guilty.

*Writ of Error to the Yankton County District Court.*

THE defendant was on the fourth day of May, 1876, indicted in the District Court charged with the offense of keeping a

house of ill-fame, and on the 11th day of the same month a warrant was issued on which she was arrested. On the same day of her arrest a complaint was filed with the city justice charging her with the same offense; to this complaint defendant appeared, pleaded guilty, and was sentenced to pay a fine and the costs. When arraigned on the indictment on the 13th day of May she pleaded a former trial and conviction, and on the issue so joined the jury found for the People, when the defendant asked leave of the court to enter a plea of not guilty, which the court refused to permit, and entered a judgment of conviction, and sentenced the defendant.

From the rulings and judgment of the court the defendant takes her writ of error to this court.

*W. S. Arnold,* for the defendant.

On May 10th, 1876, the above plaintiff in error plead *autrefois convict* to the charge in the indictment against her, and after the finding of the jury " for the People " asked leave of the Hon. Court to plead over " not guilty," which motion was denied.

Section 274, laws of 1874–5, provides three kinds of pleas: Practice under pleas of *autrefois convict,* (Wharton Crim. Law, § 568.) Judgment in a plea of *autrefois convict,* (Wharton Crim. Law, § 572.) In all cases the question of guilty or not guilty is one which defendant is entitled to by right, no matter how many technical antecedent points may have been determined against him, and to have the same squarely decided by the jury. (Whar. Crim. Law, § 530; 22 Ark., 210, *Harding v. State ;* 1 Ohio St. R., 16, *Hirn v. State ;* 13 Mass., 455, *Commissioners v. Goddard;* 9 Mo., 696, *Ross v. State.*) That the court has no jurisdiction of the offense, but that jurisdiction is exclusive in the city court of the city of Yankton. (Laws of 1872–3, an Act to incorporate the city of Yankton, 160.) Had the legislature the right to confer this authority? (Dillon on Mu. Cor., 361, § 245, and note.) Power to suppress bawdy houses. (Dillon, 412, § 310.)

*J. R. Gamble*, District Attorney, for the People.

The justice's court derives its existence from an unconditional act of the Legislature and the former conviction pleaded in this case is void, and therefore no bar to a prosecution under the indictment herein. He is appointed by the city council of Yankton, which act is in direct conflict with the Organic act.' (Act incorporating city of Yankton, Laws of 1872–3, page 176, § 53; *People v. Raymond*, 37 N. Y., 428; 1 Bishop Crim. Law, § 1028; *Van Slyke v. Turnpealess Co. Insurance, &c*, 39 Wis., 390.) The crime charged in the indictment is an *indictable* common law offense. (1 Bishop Crim. Law, § 1083; 2 Wharton, § 2395); and being so the Legislature cannot create a tribunal to try such offenses, unknown to the common law, and subject a person to punishment in a summary manner without a common law trial; and if they do so attempt, the act is so far unconstitutional and void, and hence no bar to a prosecution in the proper court. (*Warren v. The People*, 3 Parker, 544; *Wood v. City of Brooklyn*, 14 Barbour, 425; *Uryum Lamer v. The People*, 13 N. Y., 378.) The District Court first acquired jurisdiction of the offense to the exclusion of the justice's court, and where courts have concurrent jurisdiction the court in which proceedings are first instituted retains it. (1 Bishop Crim. Pro., § 315, and cases cited; 1 Wharton, § 541, (a); U. S. ex-Rel., *Scott v. J. H. Burdick*, Dakota Territory.) The court must be one of competent jurisdiction, and if the justice's court in this case had no jurisdiction of the offense, it is no bar. (1 Wharton, § 541, (b). The power to enact by-laws does not extend to acts punishable by the general statutes. (1 Dillon Mu. Cor., §§ 356–58); and that power must depend upon the Constitution (see § 361), and where the Legislature or corporation undertakes to give its municipal courts jurisdiction to try persons for acts indictable, or on criminal offenses, it often happens that the Constitution is violated. (1 Dillon on Mu. Cor., §§ 362–63.) The defendant had no right to plead over after the verdict of the jury was " for the People," and against her. Such is the rule at common law, and such is *certainly* the rule

under our statutes, where the plea is put in alone. (Code of
Crim. Pro., § 276 (Sub. 3); Code of Crim. Pro., § 399 (Sub. 2);
Code of Crim. Pro., § 428, *et seq.;* 1 Wharton, § 572; 1
Bishop Crim. Pro., §§ 755, 782–83; 1 Arch. Crim. Law, 371.)
The argument of the attorney for the plaintiff in error, that
some offenses at common law could be prosecuted by infor-
mation by the district attorney, with leave of the court, has
no application to the case at bar. The information must be
made before a court known to the common law and as having
jurisdiction as such to try the case in due form of law, and·
can have no application to a complaint before a municipal
court, or magistrate, where a trial is had thereon in a sum-
mary manner and without a common law jury.

BARNES, J.—The indictment in this cause was found and
presented May 4th, A. D. 1876; May 10th, 1876, warrant of
arrest delivered to sheriff; May 11th, 1876, defendant arrested;
and on May 13th, 1876, defendant pleaded a former trial,
conviction, judgment, for the same offense before one Ross-
teuscher, a city justice.

In the proceedings before the city justice as appears by the
record, the complaint was sworn to May 10th, 1876. It is,
however, conceded upon the hearing, and such was the evi-
dence in the court below, that the complaint before the city
justice was not in fact made and sworn to before said justice
until May 11th, 1876, and was by mistake or design dated
back one day. It further appears that before a trial was had
in the city justice court the defendant was arrested on the
bench-warrant, issued from the District Court, and the de-
fendant notified of the fact that she was indicted for this
offense in the District Court.

It further appears from the record that on the day of the
arrest when the defendant was brought before the city justice,
that the defendant plead guilty to the charge of keeping a
house of ill-fame; that she was by said justice thereupon ad-
judged guilty and fined the sum of fifteen dollars, which with
costs taxed amounted in the aggregate to the sum of twenty-
two dollars and seventy cents which was there paid to the

city justice. Upon the trial of the issue of a former trial and conviction the jury in the District Court found against the defendant. And upon this trial of the issue of former trial and conviction (in the city court), a witness (Belle Wilson) was sworn in the District Court, and among other things testified that defendant was advised by the city justice that if she would·pay a fine to him it would be a bar to a prosecution in the District Court. She thereupon, as appears of record, plead guilty and paid her fine. We forbear to express our conviction in befitting terms of this high-handed, unwarrantable conduct on the part of the city justice, as it is not important in the determination of this case. Nor is it necessary in deciding this case to pass upon the question as to whether the so-called city justice can act in any judicial capacity; but as this question has been raised, and as the city authorities desire to have the question considered by this court, we here insert an act of Congress that we regard, and that is, upon the argument by the city attorney, conceded to be, decisive on this question.

(U. S. Statutes at Large, § 1856): "Justices of the peace "and all general officers of the militia in the several Terri-"tories shall be elected by the people in such manner as the "respective Legislatures may provide by law."

We take judicial notice of the laws of the Territory, and by an examination of the law incorporating the city of Yankton, and as counsel upon the argument admit that the city justice was not elected by the qualified voters of city or county, and that his only authority to act judicially is derived from his election or appointment by the city authorities, it therefore follows that he is clothed with no judicial power or authority to act. The question as to whether the city justice, so-called, acted under color of office, and as to whether third parties are protected in their rights, we will not discuss or pass upon, but will dispose of this case upon the remaining and important question.

The issue of former trial and conviction having been determined by the jury in the District Court adversely to the defendant, the defendant's counsel insists as a matter of right

that defendant must be permitted to interpose the plea of not guilty. This request in the court below was refused. Did the court err in this respect? This question has been argued with marked ability on the part of the plaintiff in error by Mr. Arnold, and per contrary by District Attorney Gamble, and must turn upon the construction of sections 274 and 399, of the Code of Criminal Procedure, enacted in 1874–5.

Section 274, provides as follows: "There are three kinds " of pleas: 1st, guilty; 2d, not guilty; 3d, a former judg- " ment of conviction or acquittal of the offense charged, " which may be pleaded either with or without the pleas of " not guilty."

It should be observed that the plea of former conviction of the offense charged is an admission of the guilt of the accused with an averment of conviction of the offense by a competent tribunal, and because of that former conviction the accused should not be subjected to another trial.

The plea of former conviction, therefore, is inconsistent with the plea of not guilty, and hence the rule of the common law that because of this inconsistency the two pleas could not be pleaded together, and the defendant in misdemeanors was compelled at his peril to elect upon which plea he would stand.

As to rule at common law see the following cases: (Code of Criminal Procedure, § 276, (3); Code of Criminal Procedure, § 399, (2); Code of Criminal Procedure, § 428, et seq.; 2 Wharton, § 572; 2 Bishop Criminal Procedure, §§ 755, 782–83; 1 Archibold, page 371.)

Now the statute above referred to has so far changed the common law rule as to allow these two inconsistent pleas— former conviction, and not guilty—to be pleaded together. This is giving to the defendant the benefit of two pleas, provided he pleads them together; whereas at common law he had but one. Must the defendant plead the two pleas together in order that each plea may be made available for the defendant? We think the two pleas must be interposed together or the defendant must stand upon the plea pleaded. We see no reason why this should not be so; and this view

of the case harmonizes with our present practice in criminal and civil cases, and in cases at law and equity; and it is in accordance with the progressive spirit of the age to allow the greatest liberty in pleading, and often to the extent of permitting inconsistent pleas, the purpose being to secure to parties all their rights, and at the same time avoid unnecessary delay. Had the defendant a desire to avail herself of the two pleas, she had only to have expressed that wish at the proper time. The evidence then would all have been taken and the court would have instructed the jury to pass upon the first plea, or issue, first; and if that issue was found for the defendant the investigation would proceed no further. If that issue was found against the defendant, then the jury would have to pass upon the issue of guilty or not guilty.

This, in our judgment, is a fair construction of this statute; and this view harmonizes with the provisions of section 399, the 2d subdivision of which reads as follows: " If the plea is a former conviction or acquittal of the same offense, the court must give judgment of conviction or acquittal, according as the facts prove or fail to prove the former conviction or acquittal."

Let the judgment of the District Court be affirmed, and this case remanded to that court for further proceedings, according to this decision.

The Chief Justice concurs. Associate Justice BENNETT did not sit in the case.