## UNITED STATES v. WARWICK.

*(District Court, D. Alaska. May 23, 1892.)*

1. **INTOXICATING LIQUORS—ILLEGAL SALES—ALASKA—REPEAL OF STATUTES.**

Section 14 of the organic act of Alaska, (Act May 17, 1884,) prohibiting the importation, manufacture, and sale of intoxicating liquors, and continuing in force the provisions of Rev. St. § 1955, in regard thereto, covers the whole subject, and hence repeals by implication all prior laws. These provisions, therefore, together with the regulations made in pursuance thereof by the president, constitute the existing law of Alaska on the subject. *Nelson v. U. S.*, 30 Fed. Rep. 112, 12 Sawy. 285, followed.

2. **SAME—INDICTMENT—SURPLUSAGE.**

Under these provisions an indictment charging that defendant, on a stated day, did unlawfully and willfully sell a quantity of intoxicating liquor to two Indian women, states a punishable offense; and, as it is immaterial under the law whether the sale is to Indians or white persons, the allegation as to the Indian women may be regarded as descriptive, or as mere surplusage.

At Law. Indictment of William Warwick for selling intoxicating liquors contrary to law. Heard on motion to quash. Overruled.

*C. S. Johnson,* U. S. Dist. Atty.

*J. F. Malony,* for defendant.

TRUITT, District Judge. On the 18th day of May, 1892, the grand jury for said district returned an indictment against the defendant charging that he did, on or about the 24th day of November, 1891, unlawfully and willfully sell a quantity of intoxicating liquor, commonly called "whisky," to two certain Indian women therein named. To this indictment the defendant files a motion to quash on the following grounds:

"That section 669 of the Oregon Code, under which this indictment is brought, is not applicable to the district of Alaska, and is in conflict with the laws of the United States, and that the offense charged is one not known to the laws in force or applicable to the district of Alaska."

The defendant's counsel claims that section 669 of the Oregon Code does not apply in this case, for the reason that section 14 of the organic act, providing for a civil government in Alaska, and section 1955 of the Revised Statutes, together with the regulations of the president in relation thereto, fully cover the subject of the importation, manufacture, and sale of liquor in this district. Section 14 of the organic act reads as follows:

"That the provisions of chapter three, title twenty-three, of the Revised Statutes of the United States, relating to the unorganized territory of Alaska, shall remain in full force, except as herein specially otherwise provided; and the importation, manufacture, and sale of intoxicating liquors in said district, except for medicinal, mechanical, and scientific purposes, is hereby prohibited, under the penalties which are provided in section nineteen hundred and fifty-five of the Revised Statutes for wrongful importation of distilled spirits; and the president of the United States shall make such regulations as are necessary to carry out the provisions of this section."

The provisions of chapter 3, tit. 23, Rev. St., referred to, on the subject of the sale of liquors, only provide that "the president shall have power to restrict and regulate or to prohibit the importation and use of

firearms, ammunition, and distilled spirits into and within the territory of Alaska." It then provides the penalty for the violation of such regulations as the president shall make, which is a fine of not more than $500, or imprisonment not to exceed six months. This statute did not directly attempt to restrict, regulate, or prohibit the importation and use of distilled spirits into Alaska, but simply conferred upon the president the power to do so. But the first direct legislation of congress upon the subject of the importation, manufacture, and sale of intoxicating liquors in this district is found in the act of March 3, 1873, which amended section 1 of the Alaska act of 1868, so as to extend over the country sections 20 and 21 of the intercourse act of 1834. Section 20 of this act, as amended by subsequent legislation, reads as follows:

"No ardent spirits shall be introduced, under any pretense, into the Indian country. Every person who sells, exchanges, gives, barters, disposes of any spirituous liquors or wine to any Indian under the charge of any Indian superintendent or agent, or introduces or attempts to introduce any spirituous liquor or wine into the Indian country, shall be punished by imprisonment for not more than two years, and by a fine of not more than three hundred dollars, ($300.) But it shall be a sufficient defense to any charge of introducing, or attempting to introduce, liquor into the Indian country, that the acts charged were done by order of, or under authority from, the war department, or any officer duly authorized thereto by the war department."

This law was in force here from the date of the passage of the act extending it to Alaska until May 17, 1884, the date of the approval of the organic act, by which it was repealed by implication, at least as to the portions in conflict or subjects fully covered by the later law. "A statute is repealed by the enactment of another repugnant to it, or covering the whole subject of the former." *U. S.* v. *Barr*, 4 Sawy. 254. But this point was passed upon by Judge DEADY in his very able decision in *Nelson* v. *U. S.*, 12 Sawy. 285, 30 Fed. Rep. 112, where he says:

"No particular question was made on the argument as to the scope and effect of the act; but, as it covers the whole ground, the most reasonable conclusion is that it supersedes or repeals all former laws on the subject of intoxicating liquors in Alaska."

As to the importation, manufacture, and sale of intoxicating liquor in this district, section 14, *supra*, in connection with section 1955 of the Revised Statutes, and the regulations of the president, must be accepted as the law; and, if such is the case, then if the defendant sold it to any person, as charged in the indictment, he has violated the law. It is immaterial whether the vendee is a white man or an Indian, or belongs to some other nationality, and the statement in this indictment that the parties named are Indian women may be regarded as descriptive, or, if not, then surplusage. The indictment in the case of *Nelson* v. *U. S.*, *supra*, did not contain the name of the vendee, but it was held that "the name can only be required for the more convenient identification of the transaction. It is not a necessary ingredient of the offense, particularly where the prohibition to sell is general, irrespective of persons." If my views as stated are correct, then the indictment is good in this case, and the motion is overruled.