STATE, Respondent, v. BLAIR, Appellant.

(186 N. W. 961.)

(File No. 4983.   Opinion filed March 1, 1922.)

1. **Criminal Law—Selling Intoxicating Liquors—Information—"Sold and Given Away," Whether Two Offenses—Surplusage—Statute Re Demurrer, "Sell."**

Under Sec. 4771, Code 1919, specifying (3) as a ground of demurrer to an information that more than one offense is charged, one charging that defendant did "furnish and give

away intoxicating liquors, same being * * sold and given away," but one offense was charged; since Sec. 10242 provides that the word "sell," as used in that article, is deemed to mean and include the transfer of title for a consideration, "or to * * give away or furnish;" and it was surplusage to allege the furnishing and giving away.

2. **Same—Non-naming of Persons to Whom Sold, Whether Demurrible.**

Failure to name in an information charging the offense of selling intoxicating liquors, the persons to whom the liquor is sold or given away, does not render it obnoxious to demurrer for not stating a public offense.

3. **Constitutional Law—Information Non-naming Persons to Whom Liquor Sold—Statute, Attacking Constitutionality of by Demurrer, How Done Re Non-stating Offense—Statute.**

The only mode by which the constitutionality of Sec. 10317, Code 1919, providing that it shall not be necessary to state in an information the name of the person to whom liquor is sold, can be raised by demurrer, is by basing the objection upon Subd. 2 of Sec. 4771, specifying as a ground of demurrer that "it does not substantially conform to the requirements of this title;" and the fact that it was based on contention that Sec. 10317 is unconstitutional should have been presented to trial court by demurrer. So held, the record not showing that defendant suggested to trial court the contention he makes on appeal, viz., that information does not comply with Const., Sec. 7, Art. 6, requiring information to state "the nature and the cause of the accusation against him;" and trial court properly overruled the demurrer.

4. **Criminal Law—Information, Constitutionality of Statute Re, Improper Demurrer Re Question, Waiver of Right to Duly Demur, By—Statutes.**

By failing to properly raise by demurrer question of constitutionality of Sec. 10317, Code 1919, which makes unnecessary the stating in an information charging unlawful selling of intoxicating liquors, of names of persons to whom it was sold, defendant, under Sec. 4779, providing that when objections to an information, mentioned in Sec. 4771, appear on face of information they can only be taken by demurrer, save as to jurisdictional questions and objection that a public offense is not stated—waived right to raise constitutional question in any other manner.

5. **Criminal Law—Trial—Selling Intoxicating Liquors—Party Drinking Bout—Motion on Evidence For State to Elect Re Particular Sale—"Bout" As One Transaction.**

After all evidence was in on a trial for unlawful selling of intoxicating liquors, defendant asked court to require state to

elect the particular sale to a particular person, upon which it would rely for conviction; state claiming and jury finding defendant furnished it, defendant having on witness stand admitted that the transaction was "a continuous drinking bout" in which defendant and some half dozen others participated. **Held,** trial court properly treated the whole affair as one transaction; the only jury issue being who furnished, not who drank, the liquor; that in any event no prejudice resulted, defendant having on oath admitted he furnished and that liquor was intoxicating.

Anderson, J., not sitting.

Appeal from Circuit Court, Day County. Hon. FRANK ANDERSON, Judge.

The defendant, Ed Blair, was convicted of the offense of unlawfully selling intoxicating liquors, and he appeals. Affirmed.

*E. B. Harkin,* for Appellant.

*Byron S. Payne,* Attorney General, and *E. D. Roberts,* Assistant Attorney General, for Respondent.

(2) To point two of the opinion, Appellant cited: State v. Burchard, 4 S. D. 548.

Respondent cited: State v. Ferrell (W. Va.) 5 S. E. 155; State v. Koerner (Wash.), 175 Pac. 176; Springer v. State (Ark.), 195 S. W. 376.

WHITING, J. This is an appeal from a judgment and from an order denying a new trial in a criminal action. The information charged that—

"Ed Blair * * * did commit the crime of selling and giving away intoxicating liquors, * * * committed as follows: That * * * said defendant did * * * furnish and give away intoxicating liquors, same being * * * sold and given away by him to divers persons. * * *"

Defendant demurred to such information for the reasons:

"First. That said information does not describe a public offense.

"Second. That said information attempts to charge two offenses."

As a part of both "First" and "Second," defendant set forth alleged reasons why, in the one case, the information failed to state a public offense, and, in the other case, attempted to charge two offenses. Under "First," defendant asserted that it did not

state a public offense, because it failed to set forth the name of any person to whom defendant is alleged to have sold the liquor, and to set forth the kind of liquor. Under "Second," defendant contended that "selling" and "giving away" intoxicating liquors are two separate offenses.

Our Code (section 4771, R. C. 1919) prescribes the several grounds for demurrer to a criminal information or indictment. Among such grounds are:

"2. That it does not substantially conform to the requirements of this title.

"3. That more than one offense is charged.

"4. That it does not describe a public offense."

[1]  Was more than one offense charged? Clearly not. One section of the statutes under which this prosecution was brought, section 10242, R. C. 1919, reads:

"The word 'sell,' as used in this article, shall be deemed to mean and include the transfer of title for a consideration, or to * * * give away or furnish."

It follows that it was surplusage to allege the furnishing and giving away, as, under the allegation of selling, proof of both furnishing and giving away was permissible. There was but one offense charged.

[2]  Did the information charge a public offense? That it did is too clear for argument. The fact that the information did not name the persons to whom the sale was made does not render the information subject to demurrer, as one not stating a public offense.

[3]  Defendant now seeks, under such demurrer, to test the constitutionality of section 10317, R. C. 1919, which provides that "it shall not be necessary to state the name of the person to whom such liquor was sold." That is a question that could only be raised, if by demurrer, by one based on subdivision 2, section 4771; and, if raised by a demurrer under such subdivision, the fact that it was based upon the contention that section 10317 was unconstitutional should have been presented to the court by the demurrer. There is nothing in the record to show that the defendant, in any manner, suggested to the trial court that he was resting his demurrer on the claim that he now makes, that the

information did not give to him that which he was entitled to demand under section 7, art. 6, Const.—"the nature and the cause of the accusation against him." The demurrer interposed did not present the question now urged, and the trial court did not err in overruling same.

[4] Having failed to properly raise, by demurrer, the question of the constitutionality of section 10317, a ground for demurrer which, if it existed, appeared on the face of the information, defendant did, under section 4779, R. C. 1919, waive the right to, in any other manner, raise the question of the constitutionality of such statute. We wish to note that, in the light of facts admitted by defendant on the witness stand, it is absolutely certain that defendant was not prejudiced in the slightest through not having the names of the "divers persons" set forth in the information.

[5] The only other question we feel called upon to consider is one raised by defendant's motion, made after all the evidence was introduced, asking the court to require the state to elect the particular incident—that is, a particular sale to a specific person—upon which it would rely for a conviction. To understand this motion we must consider what the evidence tended to show. The evidence showed that defendant and some half dozen other men met at a certain place, where they spent some four to six hours, and that, during this time, they partook of and consumed some two quarts of intoxicating liquors. It was the claim of the state, and the jury by its verdict found, that defendant furnished the liquor. This was, as defendant upon the witness stand admitted, a continuous drinking bout, in which all partook, and during which each drank several times. The state maintained, and the trial court held, as we think correctly, that this whole affair could and should be treated as one transaction. Defendant could not have been prejudiced by such ruling, even if erroneous, as he admitted that all partook of the liquor and that it was intoxicating. The only issue of fact for the jury was as to who furnished the liquor, not as to who drank it.

The judgment and order appealed from are affirmed.

ANDERSON, J., not sitting.