## STATE, Respondent, v. HOVEN, Appellant.

### (195 N. W. 838.)

(File No. 5404.   Opinion filed November 15, 1923.)

1. **Indictment and Information—Intoxicating Liquors—Allegation that Liquor Was Distilled, Brewed, or Fermented Could Be Rejected as Surplusage.**

    In an information charging the sale and furnishing of intoxicating liquors, the words "the same being a distilled, brewed, or fermented liquor" could be rejected as surplusage.

2. **Indictment and Information—Criminal Law—Allegations as to Selling and Furnishing Held to Refer to Same Offense.**

    In an information charging the sale and furnishing of intoxicating liquors, the words "selling and furnishing" referred to the same offense, under Rev. Code 1919, Sec. 10242.

3. **Indictment and Information—Criminal Law—Intoxicating Liquors —Information Charging Sale and Furnishing of Intoxicating Liquors Held to Charge Public Offense, and Sufficiently Definite as to Venue.**

An information charging that on October 29, 1922, in the county of Potter, accused committed the crime of selling and furnishing intoxicating liquors, and that at the said time and place accused did willfully, knowingly and unlawfully sell and furnish to another certain intoxicating liquors, commonly known as "moonshine" or "home brew," containing alcohol, and capable of being used as a beverage, charged a violation of Rev. Code 1919, Sec. 10244, and the allegation that the offense was committed in Potter county was sufficiently definite.

4. **Indictment and Information—Criminal Law—Information Charging Offense in Language of Statute Is Sufficient.**

Generally, in charging a statutory offense, it is sufficient if the offense is set forth substantially in the language of the statute.

5. **Intoxicating Liquors—Indictment and Information—Information Charging Sale Held to Charge Offense So as to Apprise Accused of Crime of Which He Was Charged.**

Where an information alleged that on a certain day, in a certain county in the state, accused committed the crime of selling and furnishing intoxicating liquors, committed by willfully and unlawfully selling and furnishing to another certain intoxicating liquors containing alcohol, and capable of being used as a beverage, it alleged the offense with sufficient clearness to apprise defendant of the crime of which he was charged, as required by Const., Art. 6. Sec. 7.

6. **Constitutional Law—Criminal Law—Law Will Not Be Declared Unconstitutional Unless Plainly Invalid.**

No law will be declared unconstitutional unless the invalidity is so plain and palpable as to leave no reasonable doubt.

7. **Intoxicating Liquors — Constitutional Law — Statute Permitting Omission in Information of Name of Purchaser of Intoxicating Liquor Not Unconstitutional.**

Rev. Code 1919, Sec. 10317, providing that the name of the purchaser of intoxicating liquor need not be given in an information charging an unlawful sale, is not repugnant to Const., Art. 6, Sec. 7, giving an accused the right to be informed of the accusation against him.

Appeal from Circuit Court, Potter County; Hon. J. H. Bottum, Judge.

Matt Hoven was convicted of selling and furnishing intoxicating liquor, and he appeals. Affirmed.

*D. J. O'Keeffe* and *Frank S. Tait, Jr.,* both of ·Gettysburg, for Appellant.

*Buell F. Jones,* Attorney General, for Respondent.

(1)· to (5.) To points one to five of the opinion, Appellant cited: 4 S. D. 548, 57 N. W. 491; State v. Williams, 107 N. W. 830; State v. Julius, 137 N. W. 591; State v. Carlyle, 139 N. W. 127; Peters v. U. S., 94 Fed. 127, 36 C. C. A. 158.

Respondent cited: Rev. Code 1919, Sec. 10317.

(7) To point seven, Respondent cited: State v. Blair, 186 N. W. 961; 15 R. C. L. 387; State v. Ferrel (W. Va.), 5 S. E. 155; State v. Schwiter, 27 Kans. 449; McNeil v. State (Ark.), 197 S. W. 1060; Nelson v. U. S., 30 Fed. 112; Dean v. State (Ark.), 197 S. W. 684; Hall v. State (Ga.), 70 S. E. 211; State v. Davis (W. Va.), 69 S. E. 644; Straight v. Coerner (Wash.), 175 Pac. 176; State v. London (Ore.), 195 Pac. 344; State v. Brown (Mo.), 198 S. W. 177; Note 23 L. R. A. (N. S.) 581; 12 C. J. 387; State v. Fulweider, 28 S. D. 622, 134 N. W. 807.

SHERWOOD, J. On March 6, 1923, the state's attorney of Potter county filed an information against the defendant. To this information defendant demurred on the following grounds: (1) That it does not substantially conform to the requirements of title 5, Revised Code of 1919; (2) that the ·information does not describe a public offense; (3) that the offense charged is not designated in a manner to enable a person of common understanding to know what is intended.

. ·. Omitting merely formal parts, the information clearly charges that—

. "On the 29th day of October, in the year 1922, in the county of ·Potter, in the State of South Dakota, Matt Hoven did commit the crime of selling and furnishing intoxicating liquors, committed as follows: That at the said time and place the said Matt Hoven did then and there willfully, knowingly, and unlawfully sell and furnish to another certain intoxicating liquors, commonly known as 'moonshine' or 'home brew,' containing alcohol, and capable of being used as a beverage."

[1, 2] The words "the same being a distilled, brewed or fermented liquor" may be rejected as surplusage. The words "selling and furnishing" before the words "intoxicating liquors" refer

to the same offense.   R. C. 1919, § 10242; State v. Blair, 45 S. D. 239, 186 N. W. 961; State v. Gravdahl (S. D.), 190 N. W. 555.

[3]   Manifestly this information charges a violation of section 10244, R. C. 1919, and therefore charges the commission of a public offense.   The allegation that the offense was committed in Potter county is sufficiently definite.   State v. Humphrey, 42 S. D. 512, 176 N. W. 39; Antonelli v. State, 3 Okl. Cr. 580, 107 Pac. 951.

[4]   This offense is charged substantially in the language of the statute.   As a general rule, in charging a statutory offense, it is sufficient if the offense is set forth substantially in the language of the statute.   Black on Intoxicating Liquors, p. 518, § 438; Wharton's Criminal Law, vol. 1, p. 298, note 2.

[5]   As to the third ground of this demurrer, it is sufficient to say the objection is without merit.

Defendant strenuously contends that his constitutional rights granted by section 7, art. 6, of our Bill of Rights, have been invaded, in that "the nature and cause of the accusation against him" is not set forth in this information:   First, because the offense is not made definite by giving the name of the person to whom the intoxicating liquor was sold; second, if the name of the person to whom the sale is made is not given, then by giving some other specific description of the offense which will clearly designate it from all other offenses.

Defendant does not claim that the failure of the information to state the name of the buyer, of itself, invades his constitutional rights, but such failure coupled with the failure to give in the information some other particular description of the offense, so that the court might limit the testimony strictly to the offense charged, and the defendant need prepare to defend only one specific sale.   If the name of the person buying the liquor need not necessarily be given to preserve defendant's constitutional rights, it is difficult to see in what other manner the offense could be more clearly described than it is already in this information, and defendant's counsel has pointed out no other way.

The clause in our Bill of Rights (section 7 of article 6) is substantially the same as article 6 of the Amendments to the Constitution of the United States, and gives the defendant only the

right "to be informed of the nature and cause of the accusation * * * against him." In considering this clause, the Supreme Court of Dakota Territory, in McCall v. U. S., 1 Dak. 307, 46 N. W. 608, held it only required the information to set forth the offense charged "with clearness and all necessary certainty, to apprise the accused of the crime with which he stands charged."

The gist of the offense charged in this information is the sale of intoxicating liquor, and we think this charge is set forth in this information with clearness and all necessary certainty to apprise defendant of the crime with which he is charged and enable him to prepare his defense. The great weight of authority is to the effect that the name of the purchaser need not be given in an information charging the sale of intoxicating liquor. State v. Blair and State v. Gravdahl, supra; McNeil v. State, 125 Ark. 47, 187 S. W. 1060; Fletcher v. Commonwealth, 106 Va. 840, 56 S. E. 149, 15 R. C. L. 387; State v. Schweiter, 27 Kan. 499; State v. Davis, 68 W. Va. 184, 69 S. E. 644; Dean v. State, 130 Ark. 322, 197 S. W. 684; State v. Koerner, 103 Wash. 516, 175 Pac. 175; Nelson v. U. S. (C. C.), 30 Fed. 112.

[6, 7] Defendant points out no other particular in which section 10317, R. C. 1919, is unconstitutional, and none occurs to this court. It is settled law in this state that no law shall be declared unconstitutional unless the invalidity is so plain and palpable as to leave no reasonable doubt. Peterson Oil Co. v. Frary (S. D.), 192 N. W. 366. We hold the provision of section 10317, that the name of the purchaser of intoxicating liquor need not be given in the information, is not repugnant to section 7, art. 6, of our Constitution.

The other authorities cited by appellant were based on an entirely different statute from our present prohibitory law, and are not applicable to this case.

We have carefully examined all the other assignments, and, finding no error, the judgment of the lower court is affirmed.

Note.—Reported in 195 N. W. 838. See, Headnote (1), American Key-Numbered Digest, Indictment and information, Key-No. 119(2), 31 C. J. Sec. 300; (2) Indictment and information, Key-No. 125(47), 31 C. J. Sec. 334; (3) Indictment and information, Key-No. 80(3), 31 C. J. Sec. 203; Intoxicating liquors, Key-No. 215, 23 Cyc. 223; (4) Indictment and information, Key-No. 110(3), 31 C. J. Sec. 260, Intoxicating liquors, 23 Cyc. 217; (5) Intoxicating liquors,

Key-No. 215, 23 Cyc. 232; Indictment and information, 31 C. J. Sec. 272; (6) Constitutional Law, Key-No. 48, 12 C. J. Sec. 222; (7) Intoxicating liquors, Key-No. 2(4), Indictment and information, 31 C. J. Sec. 272.

On rejection as surplusage of matter which tends to negative offense otherwise stated, see note in 47 L. R. A. (N. S.) 679.

On necessity of indictment or information for sale of intoxicating liquors contrary to prohibitory statute or ordinance stating name of purchaser, see note in 23 L. R. A. (N. S.) 582.