STATE, Respondent v. BLUE FOX BAR, INC., Appellant

(128 N.W.2d 561)

(File No. 10091, Opinion filed May 27, 1964)

**James E. Doyle,** Yankton, for Defendant and Appellant.

**Frank L. Farrar,** Atty. Gen., **Gary R. Richards,** Asst. Atty. Gen., Pierre, **Louis B. French,** State's Atty., Yankton, for Plaintiff and Respondent.

HANSON, J. The Blue Fox Bar, Inc., holder of a Class D Liquor license in the City of Yankton, was convicted in Municipal Court of (1) permitting a person, or persons, under the age of 21 on the licensed premises, and (2) selling intoxicating liquor to a person, or persons, under the age of 21. Defendant appeals from both convictions.

The Information alleges that the Blue Fox Bar, Inc., on the 24th day of January 1963, in the County of Yankton and State of South Dakota, did unlawfully:

Count 1: Permit a person, or persons, under the age of twenty-one years on the premises where the business under which the license of said corporation is authorized, and not in the company of the parent or guardian of said person, or persons; and

Count 2: Sell intoxicating liquor to a person, or persons, under the age of twenty-one.

The language used in the Information substantially follows the wording of pertinent subsections of SDC 1960 Supp. 5.0226 which contains numerous restrictions on the conduct of business in intoxicating liquor.

■ Defendant contends the trial court erred in not granting its motion to quash the information and in not sustaining objection to the introduction of evidence thereunder for the reason the name of the person, or persons, upon or against whom the alleged offenses were committed were not set forth or otherwise identified with reasonable certainty. We agree.

██ Article VI, Section 7 of our Constitution prescribes that "In all criminal prosecutions the accused shall have the right * * * to demand the nature and cause of the accusation against him * * *." According to SDC 1960 Supp. 34.3010(6) the offense charged in the information must be "designated in such a manner as to enable a person of common understanding to know what is intended" and SDC 1960 Supp. 34.3008 specifically requires that an indictment or information be direct and certain as it regards:

(1) The party charged;

(2) The offense charged;

(3) The name of the thing or person upon or against whom the offense was committed.

The test of the sufficiency of an information under these provisions is whether it apprises a defendant with reasonable certainty of the nature of the accusation against him so that he may prepare his defense and plead the judgment as a bar to any subsequent prosecution for the same offense. State v. Sinnott, 72 S.D. 100, 30 N.W.2d 455; State v. Wood, 77 S.D. 120, 86 N.W.2d 530; State v. Belt, 79 S.D. 324, 111 N.W.2d 588.

Tested by the foregoing constitutional and statutory requirements the information filed against defendant is deficient. Defendant is a licensed liquor dealer. With the exception of a limited class of persons, such as minors and habitual drunkards, defendant may legally sell intoxicating liquor and may legally allow persons on its licensed premises. With respect to the offenses charged, therefore, the names of the purchaser and the person alleged to have been unlawfully permitted on the premises are essential and should have been alleged in the information. Our conclusion is in accord with State v. Burchard, 4 S.D. 548, 57 N.W. 491, in which a similarly worded indictment was declared insufficient to charge the crime of selling intoxicating liquor. The court said: "The accused could understand from this indictment that he was charged with the offense of selling intoxicating liquors as a beverage, but to whom, when, and where, it gives him no information. Of what possible benefit would a copy of the indictment be to the accused? What prep-

aration could he make for his defense under it? How could the trial court determine that the offense for which the accused was being tried was the one for which the indictment was found by the grand jury? The only practical method of making such an indictment sufficiently definite and certain is to require it to give the name of the person or persons to whom the intoxicating liquor is alleged to have been sold, if known, and, if unknown, to give some other description of the offense that will identity it." Other cases such as State v Blair, 45 S.D. 239, 186 N.W. 961, State v. Gravdahl, 46 S.D. 60, 190 N.W. 555, and State v. Hoven, 47 S.D. 50, 195 N.W. 838 indicating a contrary rule are expressly overruled. They were all decided during the prohibition era when the gist of the offense was the sale of intoxicating liquor. To whom was immaterial and it was not necessary, according to the express provisions of Section 88, Chapter 281, Laws of 1917, to allege the name of the purchaser in the information.

■ The deficient nature of the information filed in the present action is reflected in its application to the facts. Defendant demanded a preliminary hearing at which time the State introduced evidence of one sale of intoxicating liquor to Doris K., a person under the age of 21 years. No other unlawful sales were indicated. However, at the trial the State was allowed to introduce evidence of another sale to Cheryle A. The information consequently failed to serve its informative purpose. Defendant was not apprised of the nature of the accusation against it with sufficient particularity to intelligently prepare a defense. Each sale and each person under the age of 21 years permitted on the licensed premises constituted a separate offense. State v. Carlisle, 30 S.D. 475, 139 N.W. 127. It is impossible to determine from the evidence what offense, if any, the jury unanimously agreed upon for its verdict and what offense, if any, the judgment would bar in a subsequent prosecution.

As the information is insufficient the motion to quash the same should have been granted. Accordingly, it is unnecessary to consider other alleged errors.

Reversed.

All the Judges concur.