STATE, Respondent v. BULLIS, Appellant

(231 N.W.2d 851)
(File No. 11497. Opinion filed August 1, 1975)

Earl Mettler, Asst. Atty. Gen., Pierre; **William J. Janklow,** Atty. Gen., Pierre, on the brief, for plaintiff and respondent.

Patrick J. Kirby, Mitchell, for defendant and appellant.

DUNN, Chief Justice.

The defendant was convicted by the District County Court of the Sixth Judicial District of wilfully and wrongfully committing the act of window peeping which greatly outrages public decency and is injurious to the public morals in violation of SDCL 22-24-6 on May 24, 1974. He appeals, contending (1) that the statute under which he was charged is in contravention of the Constitution of South Dakota and the Constitution of the United States because of vagueness, and (2) that the information filed against him was insufficient under South Dakota law. We affirm.

The defendant was apprehended while standing on a cement block peeking into the bedroom of a sixteen-year-old girl who had been bathing in a bathroom next door and had gone into the bedroom after hearing a noise outside the bathroom window. She called her father who slipped outside and grabbed the defendant and held him until the police arrived.

Evidence at the scene indicated that the cement block had also been placed below the bathroom window on this evening. The facts were not disputed and defendant's defense in the trial court, as here, was that the statute under which he was convicted is unconstitutionally vague; and that the information filed against him was insufficient under South Dakota law.

As to the first issue, defendant specifically argues that the statute under which he was convicted violates Article VI, §§ 2 and 7 of the Constitution of the State of South Dakota and the

Due Process Clause of the Fourteenth Amendment to the United States Constitution. He maintains that SDCL 22-24-6 is "void for vagueness."

The test for determining whether a criminal statute will withstand constitutional scrutiny was set out by the United States Supreme Court in *United States v. Harriss*, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989:

> "The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." 347 U.S. at 617, 74 S.Ct. at 812.

We apply this same test in determining if a criminal statute squares with the South Dakota Constitution. See *State v. Dove*, 1955, 75 S.D. 460, 67 N.W.2d 917.

■■■ Applying the test to the facts of this case, the conclusion can easily be drawn that a person of ordinary intelligence would know that going onto another person's property and peeking in at a sixteen-year-old girl as she is disrobing and taking a bath would be an "act which openly outrages public decency and is injurious to public morals." The fact that SDCL 22-24-6 does not specifically mention window peeping on its face does not mean that this type of conduct is not prohibited by its language. Nor does the statute suffer because the words, "outrages public decency and is injurious to public morals," have a broad meaning. As was stated in *Commonwealth of Pennsylvania v. Randall*, 1957, 183 Pa.Super. 603, 133 A.2d 276:

> "The general language of the statute, therefore, is not a valid objection to it on constitutional grounds. Unless words of such seeming generality as 'moral' and 'immoral' were valid in statutes, government itself would become impossible. Manifestly, there can be no objection to the use, in a statute, of words like 'corrupt the

morals' or 'tends to corrupt the morals of any child,'
which include many things, all of which are intended
by the legislature to be covered; otherwise, there would
be barred from statutory use such customary verbiage as
'fraudulent,' 'due,' 'negligent,' 'arbitrary,' 'reasonable,'
etc." 133 A.2d at 280.

The same analysis can be applied to the words used in SDCL
22-24-6 and the same conclusion can be reached.

Defendant's brief cites *Wright v. Georgia*, 1963, 373 U.S.
284, 83 S.Ct. 1240, 10 L.Ed.2d 349, *Bouie v. Columbia*, 1964,
378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894, and *Garner v.
Louisiana*, 1961, 368 U.S. 157, 82 S.Ct. 248, 7 L.Ed.2d 207, in
support of the proposition that SDCL 22-24-6 is unconstitution-
ally vague. It is true that the United States Supreme Court
declared statutes or ordinances invalid in all three cases; however,
each case cited involved speech or conduct protected by the First
Amendment coupled with police harassment of innocent indivi-
duals. These factors made the cited cases readily distinguishable
from the instant case. Here the conduct was not constitutionally
protected expression by any stretch of the imagination and there
is no evidence on the record which shows police harassment of
the defendant in enforcing the statute. The cases cited have no
applicability to the one under consideration.

Defendant's second argument is that the information filed
against him is insufficient. The defendant contends that the
information was insufficient in that it did not set out the name of
the person against whom the offense was committed. He relies on
SDCL 23-32-5 which provides:

"*Directness and certainty of indictment or informa-
tion.* — The indictment or information must be direct
and certain as it regards:

(1) The party charged;

(2) The offense charged;

(3) The name of the thing or person upon or against
whom the offense was committed."

The language of SDCL 22-24-6 is couched in terms of an offense against "public decency" and "public morals." Although the defendant was peeking into the window of a particular house and observing a particular person, the offense was against the public as a whole. The test for the sufficiency of an information was stated by this court in *State v. Blue Fox Bar, Inc.*, 1964, 80 S.D. 565, 128 N.W.2d 561:

> "The test of the sufficiency of an information under these provisions is whether it apprises a defendant with reasonable certainty of the nature of the accusation against him so that he may prepare his defense and plead the judgment as a bar to any subsequent prosecution for the same offense. *State v. Sinnott*, 72 S.D. 100, 30 N.W.2d 455; *State v. Wood*, 77 S.D. 120, 86 N.W.2d 530; *State v. Belt*, 79 S.D. 324, 111 N.W.2d 588." 80 S.D. at 567, 128 N.W.2d at 563.

The information in this case contained the name of the defendant, the date and place of the offense, and recited "That at said time and place the said Stacy Bullis then and there did wilfully and wrongfully commit the act of window peeping which openly outrages public decency and is injurious to public morals." Since the offense is against the public as a whole rather than a particular victim, it is not necessary that a victim's name be listed on the information. Furthermore, the young girl whom the defendant was observing through the window and her father were listed as witnesses on the back of the information as is required by SDCL 23-20-4. Considering the information as a whole, the test stated in *Blue Fox Bar, Inc., supra,* was met in that defendant was properly apprised of the charge against him and could adequately prepare his defense.

Affirmed.

All the Justices concur.